**George J. RIXNER, Plaintiff,**

v.

**Carl A. WHITE, et al., Defendants.**

**Civ. No. A3–76–34.**

United States District Court,
D. North Dakota,
Southeastern Division.

Aug. 5, 1976.

Richard D. Rixner, Shawnee Mission, Kan., and Donald L. Schlapprizzi, St. Louis, Mo., for plaintiff.

Arthur S. Margulis, LaTourette, Weyerich & Margulis, Clayton, Mo., and Daniel J. Murphy, St. Louis, Mo., and J. Philip Johnson, Pancratz, Wold & Johnson, P. C., Fargo, N.D., for defendants; Frederick Alm, Stefanson, Landberg, Alm & Pitsenbarger, Ltd., Moorhead, Minn., of counsel.

## ORDER

BENSON, Chief Judge.

This case was transferred to this Court pursuant to 28 U.S.C. § 1406(a)[1] from the Eastern District of Missouri. That Court transferred the case "in the interest of justice" because personal jurisdiction over the Defendants had not been obtained under Rule 4(e), F.R.Civ.P., and Mo.Rev.Stat. §§ 351.633 and 560.500 relating to service of process on non-resident defendants. The service of process that was completed under Rule 4(e) and Missouri law, which has been determined to not confer personal jurisdiction over the above named Defendants, is the only process that has been served in the action.

Defendants have moved to quash service of process and to dismiss the action under Rule 12(b), F.R.Civ.P., solely because the Plaintiff has not again served process on the Defendants under Rule 4(e), F.R.Civ.P., and Rule 4(b)(2), N.D.R.Civ.P.[2] The Court concludes it is currently without personal jurisdiction over Defendants.

### Rationale

■ The United States District Court in Missouri had authority under § 1406(a) to

1. § 1406(a) provides:
   "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

2. Rule 4(b)(2), N.D.R.Civ.P., provides:
   "(2) *Personal jurisdiction based upon contacts.* A court of this state may exercise personal jurisdiction over a person who acts directly or by an agent, as to any claim for relief arising from the person's
   (A) transacting any business in this state;
   (B) contracting to supply or supplying service, goods, or other things in this state;
   (C) committing a tort within or without this state causing injury to another person or property within this state;
   (D) committing a tort within this state causing injury to another person or property within or without this state;
   (E) owning, having any interest in, using, or possessing property in this state;
   (F) contracting to insure another person, property, or other risk within this state;
   (G) acting as a director, manager, trustee, or officer of a corporation organized under the laws of, or having its principal place of business within, this state; or
   (H) enjoying any other status or capacity within this state, including cohabitation, or engaging in any other activity having such contact with this state that the exercise of personal jurisdiction over him does not offend against traditional notions of justice or fair play or the due process of law."

transfer the action to another court because venue was improper even though it lacked personal jurisdiction over the Defendants. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). *Goldlawr* was a private antitrust action for treble damages under the Sherman and Clayton Acts brought in the United States District Court for the Eastern District of Pennsylvania. Finding that venue was improperly laid in that Court, it transferred the action under 28 U.S.C. § 1406(a) to the Southern District of New York where venue was proper and personal jurisdiction could be obtained over them under the same section of the Clayton Act under which process was originally served. No new process was again served over the *Goldlawr* defendants. *Goldlawr, Inc. v. Shubert,* 175 F.Supp. 793, 795 (S.D.N.Y.1959).

The District Court in New York determined two issues in *Goldlawr:* first, that the extraterritorial service of process while the action was pending in Pennsylvania did not have the effect of giving the New York Court, on transfer, personal jurisdiction over the defendants without a second service; and second, that even if the transfer had conferred such jurisdiction, if the Pennsylvania Court was without personal jurisdiction, it could not transfer the case to New York under § 1406(a). These determinations were affirmed by the Court of Appeals, 288 F.2d 579 (2nd Cir. 1961). The United States Supreme Court reversed, holding that 28 U.S.C. § 1406(a) authorizes transfer of cases even where the court lacks personal jurisdiction over the defendant. It did not reverse on the first issue.

■ Federal district courts are constitutional courts and have only such jurisdiction as is conferred on them by Congress. *Lockerty v. Phillips,* 319 U.S. 182, 63 S.Ct. 1019, 87 L.Ed. 1339 (1943). In this case, actual notice has been given Defendants. Although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction. *Wuchter v. Pizzutti,* 276 U.S. 13, 48 S.Ct. 259, 72 L.Ed. 446 (1928).

■ In federal courts, service of process is governed by Rule 4, F.R.Civ.P., which incorporates long-arm statutes of the state in which the district court is held. Rule 4(e). Although a requirement that new service be made in all cases of transfer under § 1406(a) may occasionally penalize plaintiffs with " 'time-consuming and justice-defeating technicalities,' " *Goldlawr, Inc. v. Heiman, supra,* 369 U.S. at 467, 82 S.Ct. 913, plaintiffs must always affirmatively show jurisdiction is conferred on the court and must do so in strict compliance with statute. That the local long-arm statute may be more liberal than that of Missouri does not relieve the Plaintiff of his duty to affirmatively show the transferee court has acquired personal jurisdiction as required by the rules.

■ However, this Court perceives a more serious issue. 28 U.S.C. § 1406(a) provides that "in the interest of justice" the action may be transferred "to any district . . . in which it could have been brought." The suit can only be transferred to a district in which venue is proper and in which defendants are amenable to process. *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960); *Blackmar v. Guerre,* 190 F.2d 427 (5th Cir. 1951); *Westerman v. Grow,* 198 F.Supp. 307 (S.D.N.Y. 1961); Wright, Law of Federal Courts 164 (2d ed. 1970). The record in the case reveals no basis for extraterritorial service of process on Defendants Troff, Moorhead State Bank, Leon Simon, Jack Simon, and, perhaps, Am-Can Investments, Inc.[3] Further, it is noted that venue in the District of North Dakota is not proper. *See* 28 U.S.C. § 1391(a).

---

**3.** Defendant White is amenable to service of process in this Court because he is a citizen of North Dakota. At the time the alleged cause of action arose, White was the director and representative of Am-Can Investments, Inc.

■ The affidavits do establish that all Defendants are amenable to service in the District of Minnesota and that venue would be proper there. Although this case was erroneously transferred to this Court from the Eastern District of Missouri, it was determined that transfer was in the interest of justice.

Pursuant to the determination of the United States District Court for the Eastern District of Missouri that transfer was in the interest of justice, IT IS ORDERED the action is transferred to the Sixth Division of the District of Minnesota.