**AGUACATE CONSOLIDATED MINES, INC., OF COSTA RICA,**
Plaintiff-Appellant,

v.

**DEEPROCK, INC., d/b/a Deeprock Manufacturing Company, et al.,**
Defendants-Appellees.

No. 77–2224
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 19, 1978.

Marvin P. Nodvin, Atlanta, Ga., for plaintiff-appellant.

Thomas S. Lawson, Jr., Montgomery, Ala., for defendants-appellees.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409.

Before COLEMAN, GODBOLD and TJOFLAT, Circuit Judges.

GODBOLD, Circuit Judge:

Aguacate Consolidated Mines, Inc., of Costa Rica, appeals the dismissal for lack of personal jurisdiction of its action against Deeprock, Inc., for fraud and breach of contract. Aguacate originally filed suit in Georgia state court; Deeprock removed to the federal district court for the Northern District of Georgia and moved to dismiss for lack of personal jurisdiction. The court dismissed the action because the minimum contacts requirement of the Georgia long-arm statute had not been met. Upon motion by Aguacate, the court vacated the order of dismissal and transferred the case to the Middle District of Alabama. Although both venue and personal jurisdiction were proper in the Middle District of Alabama, that court dismissed, holding that the Georgia federal court could not transfer a case under 28 U.S.C. § 1406(a) without first acquiring personal jurisdiction. We reverse.

Aguacate sought removal to Alabama from Georgia on the authority of 28 U.S.C. § 1406(a).[1] In *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), the Supreme Court approved transfer under § 1406(a) even if both proper venue and personal jurisdiction were lacking. Finding that Congress enacted § 1406(a) to remove obstacles that impede expeditious and orderly adjudication, the Court refused to limit transfers that comported with "the interest of justice" by imposing the nonstatutorily required barrier of personal jurisdiction.

Deeprock argues, however, that venue was proper in the Northern District of Georgia and, thus, transfer was not appropriate under § 1406(a), which addresses improper venue. In *Dubin v. U. S.*, 380 F.2d 813 (CA5, 1967), this circuit interpreted § 1406 to permit transfer of cases having proper venue but lack of personal jurisdiction.

Looking to the language of § 1406, the statute is couched in terms of "laying venue in the wrong division or district." The statute does not refer to "wrong" venue, but rather to venue laid in a "wrong division or district." We conclude that a district is "wrong" within the meaning of § 1406 whenever there exists an "obstacle [to] * * * an expeditious and orderly adjudication" on the merits. Inability to perfect service of process on a defendant in an otherwise correct venue is such an obstacle.

380 F.2d at 815. Thus, under *Dubin*, this case was properly transferred to Alabama under § 1406(a).

Moreover, even without the *Dubin* interpretation of § 1406(a), this case could properly have been transferred under 28 U.S.C. § 1404(a).[2] In *Koehring Co. v. Hyde Construction Co.*, 324 F.2d 295, (CA5, 1963), *rev'd on other grounds*, 382 U.S. 362, 86 S.Ct. 522, 15 L.Ed.2d 416 (1966), we construed the discretionary transfer language of § 1404(a) to permit transfer for the convenience of the parties and in the interest of justice of cases with proper venue even if no personal jurisdiction existed in the transferring court. Here, as in *Goldlawr*, several considerations make clear that transfer of this case would advance the interest of justice and the procedural simplification underlying §§ 1406(a) and 1404(a). Discovery has already occurred and several years have elapsed. Moreover, part of Aguacate's case may now be barred by the statute of limitations. By filing the case in Georgia, Agua-

1. Section 1406(a) provides:
   "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

2. Section 1404(a) provides:
   "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

cate demonstrated "proper diligence" and a "desire . . . to begin [its] case." *Goldlawr*, 369 U.S. at 467, 82 S.Ct. at 916, 8 L.Ed.2d at 42. The appellant should not be penalized for making an erroneous guess about the Georgia long-arm statute.

The fact that this case was originally removed from a Georgia state court without personal jurisdiction does not change the analysis above. Although the jurisdiction of a federal court after removal is, in a limited sense, derivative, removed actions become subject to federal rather than state rules of procedure. Because the federal rules permit transfer, we hold that removed cases meeting the federal standards of §§ 1406(a) or 1404(a) may also be transferred.

REVERSED and REMANDED.