**Lillian Diane WELSH, Plaintiff,**

**v.**

**CUNARD LINES, LIMITED; ABC Corporation; and XYZ Corporation, Defendants.**

**No. Civ 84–162–TUC–WDB.**

United States District Court, D. Arizona.

Oct. 10, 1984.

Elaine Hardin, Whitehill, Stolkin, Karp, West, Weiss & Berger, P.C., Tucson, Ariz., for plaintiff.

Michael N. Poli, McLoone, Theobald & Galbut, P.C., Phoenix, Ariz., for defendants.

## ORDER

BROWNING, District Judge.

This matter is before the Court on plaintiff's motion for relief from judgment under Rule 60(b), Fed.R.Civ.P.

The Court finds that relief should be granted. Rule 60(b)(1) permits relief from judgment on the grounds of mistake. The Court finds that it made a legal error. The Ninth Circuit allows relief from judgment under Rule 60(b)(1) on the grounds of a legal or "deliberative" error. *Liberty Mutual Insurance Co. v. E.E.O.C.,* 691 F.2d 438, 441 (9th Cir.1982); *Gila River Ranch, Inc. v. United States,* 368 F.2d 354, 357 (9th Cir.1966).

Plaintiff, Lillian Welsh, alleges that she suffered injuries aboard the cruise ship *Queen Elizabeth II* due to the negligence of Cunard Lines.

The Court heard argument on May 14, 1984, and on May 15 granted Cunard Line's motion to dismiss for lack of personal jurisdiction. The Court rejected Welsh's request to transfer to a district where jurisdiction could be acquired. On June 4, judgment was entered in favor of Cunard Lines.

■ The law is clear that a court may transfer a case to another federal district under the venue transfer provisions of 28 U.S.C. § 1404 or 28 U.S.C. § 1406, even though the transferring court lacks personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983); *Froelich v. Petrelli*, 472 F.Supp. 756, 760 (D.Hawaii 1979).[1] This Court refused to transfer because the case had been removed from state court. Jurisdiction after removal is derived from the state court jurisdiction; the principle of "derivative jurisdiction" appeared to prohibit this Court from expanding the jurisdiction which attached in the state court.

■ The Court, on reconsideration, finds that transfer of a removed case where the state court lacked personal jurisdiction is authorized under *Goldlawr v. Heiman* and subsequent cases interpreting *Goldlawr*, despite the fact that transfer expands personal jurisdiction beyond that available to a state court.

There are two conflicting, even irreconcilable, principles at work, the principles of *Goldlawr* and of derivative jurisdiction. The Court must select which governs.

In *Goldlawr*, the Court permitted transfer to cure incorrect venue, even though the transferring court lacked personal jurisdiction over the defendant. The Court reasoned that the aim of the transfer stat-utes was to promote the interests of justice by removing obstacles to adjudication on the merits. 368 U.S. at 466–67, 82 S.Ct. at 915–16. Following *Goldlawr*, courts now generally permit transfer under 42 U.S.C. § 1404 or § 1406 simply to cure lack of jurisdiction, even though the transferring court would theoretically lack power over the person of the defendant to effect a transfer. In the Ninth Circuit, *see Nelson*, 716 F.2d at 643; *Froelich*, 474 F.Supp. at 760. The flexible and practical *Goldlawr* principle promotes justice at the expense of perfect conceptual clarity.

By contrast, the "derivative jurisdiction" principle places obstacles in the path of adjudication. The principle is ordinarily applied to suits initially brought in state court where the suits are within the exclusive jurisdiction of the federal courts or where sovereign immunity bars the state from exercising jurisdiction over the federal government as a defendant. *See, e.g., Minnesota v. United States*, 305 U.S. 382, 390–91, 59 S.Ct. 292, 296, 83 L.Ed. 235 (1939); *Lambert Run Coal Co. v. Baltimore & Ohio R.R. Co.*, 258 U.S. 377, 382, 42 S.Ct. 349, 351, 66 L.Ed. 671 (1922); 14 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3722, at 574 (1976). Derivative jurisdiction mandates that the federal court dismiss such suits after removal: the rationale is that the state court from which the suit was removed had no jurisdiction—there was no suit to remove. Derivative jurisdiction is a technical, conceptual barrier to adjudication on the merits.

The Court has decided that *Goldlawr* and its progeny should control the fate of this case on three grounds.

First, the concept of derivative jurisdiction is unusually murky and its contours unclear. Courts have used the concept to refer to *in personam* jurisdiction. *See, e.g., Aanestad v. Beech Aircraft Corp.*, 521 F.2d 1298, 1300 (9th Cir.) *cert. denied*

---

1. Such transfer is the rule across the circuits. *See, e.g., Martin v. Stokes*, 623 F.2d 469, 473 (6th Cir.1980); *Corke v. Sameiet M.S. Song of Norway*, 572 F.2d 77, 80 (2d Cir.1978); *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523, 525 (5th Cir.1978); *United States v. Berkowitz*, 328 F.2d 358, 360–61 (3d Cir.1963) *cert. denied* 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964); *Celanese Corp. v. Federal Energy Administration*, 410 F.Supp. 571, 578 (D.D.C.1976).

419 U.S. 998, 95 S.Ct. 313, 42 L.Ed.2d 272 (1974); *Bach v. McDonnell Douglas Corp.*, 468 F.Supp. 521, 524 (D.Ariz.1979); *Patrin v. Chrysler Credit Corp.*, 530 F.Supp. 736, 739 (W.D.Wis.1982). However, commentators firmly state that the principle applies only to subject matter jurisdiction.[2] 14 C. Wright, A. Miller & E. Cooper, *supra*, § 3722, at 576; 1A J. Moore, B. Ringle & J. Wicker, *Moore's Federal Practice* ¶ 0.168, at 659–60 (2d ed. 1983). If the commentators are correct, then "derivative jurisdiction" is simply inapplicable here.

Second, "derivative jurisdiction" is an archaic concept that impedes justice. It is out of tune with the federal rules. Courts and commentators agree, and urge that, while derivative jurisdiction may be justified conceptually, it leads to unfortunate results and should be abandoned. 14 C. Wright, A. Miller & E. Cooper, *supra*, § 3721, at 523–24; 1A J. Moore, B. Ringle & J. Wicker, *supra*, ¶ 157, at 58–59. The Ninth Circuit, in a much cited opinion, lamented that derivative jurisdiction impedes the process of getting "the case out of the court that lacks jurisdiction ... and into the court that has jurisdiction ... so that it can be tried and a valid judgment can be entered." *State of Washington v. American League of Professional Baseball Clubs*, 460 F.2d 654, 659 (9th Cir.1972).

Such an archaic and unhelpful principle, while still the law, should be carefully confined to cases where precedent unquestionably compels that it be applied. This is not such a case.

Third, neither the parties nor the Court has found cases that recognize the *Goldlawr* principle of flexible transfer to cure jurisdiction, but that refuse the same treatment to a removed case. By contrast, there are a small number of cases that sanction jurisdictional transfer of a removed suit. Most such cases do not even raise the problem of a conflict with derivative jurisdiction. *See e.g., T-Birds, Inc. v. Thoroughbred Helicopter Service, Inc.,*

540 F.Supp. 548, 550 (E.D.Ky.1982); *Helfer Commodities Corp. v. Pellegrino*, 390 F.Supp. 520, 521 (S.D.N.Y.1975); *See also Capital Cabinet Corp. v. Interior Dynamics, Ltd.*, 541 F.Supp. 588, 591 (S.D.N.Y. 1982) (sanctioning transfer to render any jurisdictional problem moot). The Fifth Circuit, in *Aguacate*, 566 F.2d at 525, did note the conflict, and chose transfer because it found that transfer is a procedural matter, and thus governed by the federal rules. This Court does not find the Fifth Circuit rationale convincing, on the grounds that the procedure/substance distinction in jurisdictional transfer is problematic. But it is significant that the Fifth Circuit identified the conflict this Court faces, and rejected derivative jurisdiction dismissal in favor of applying *Goldlawr*. In sum, the relevant case law favors transfer of removed cases in the same manner as transfer of cases originally filed in federal court.

The Court therefore finds that *Goldlawr* and *Nelson* govern the facts of the case before it, and that the interests of justice would be served by transferring this case to a district where the court may acquire personal jurisdiction over the defendant.

█ The plaintiff has filed a notice of appeal. Therefore this Court no longer has jurisdiction to grant relief. The rule in the Ninth Circuit is that the court should indicate in an order that it intends to entertain the Rule 60(b) motion and that it intends to grant relief, so that the party requesting relief can move the appeals court to remand. *Long v. Bureau of Economic Analysis*, 646 F.2d 1310, 1318 (9th Cir. 1981) (*vacated on other grounds* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1980)).

IT IS THEREFORE ORDERED that this Court intends to entertain the plaintiff's motion for Relief from Judgment brought under Rule 60(b)(1), Fed.R.Civ.P., and intends to grant relief. The plaintiff may move for a remand pursuant to this Order.

**2.** The Supreme Court's classic statement of the derivative jurisdiction principle in 1922 in *Lambert Run* refers to jurisdiction "of the parties," but may simply refer to sovereign immunity as a bar to state court exercise of jurisdiction over the United States as a party defendant.