**George C. NOSE, Plaintiff,**

v.

**Anthony S. REMENTER, Steven R. Rementer and Mary Rementer, Defendants.**

**Civ. A. No. 84–645–JLL.**

United States District Court, D. of Delaware.

June 4, 1985.

William S. Gee of Theisen, Lank, Mulford & Goldberg, P.A., Wilmington, Del., for plaintiff.

Wayne N. Elliott and Michael P. Kelly of Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, Del., for defendants.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

The parties to this personal injury action have stipulated to the following facts. (*See* Docket Item ["D.I."] 19 at 3; D.I. 20 at 3.) On May 30, 1981, a motor vehicle driven by the plaintiff collided with a motor vehicle driven by defendant Anthony S. Rementer approximately one mile north of Rehoboth, Delaware. The plaintiff claims to have suffered physical injuries as a direct result of that accident, and, to recover for his injuries, he filed suit on May 23, 1984, in the United States District Court for the District of Maryland, invoking the jurisdiction of the Federal court on the basis of diversity of citizenship. (D.I. 1A.) That court transferred the action to this Court by an order dated October 18, 1984. (D.I. 7.) The matter is now before this Court on the defendants' motion for summary judgment under Fed.R.Civ.P. 56. (D.I. 17.)

LAW

In transferring this case, the court in Maryland held that it lacked personal jurisdiction over the defendants. (D.I. 7 at 4.) Although the court was apparently in error in relying on 28 U.S.C. § 1631 as the basis for its authority to transfer the case,[1] there is no doubt that court had authority to make the transfer under 28 U.S.C. § 1404(a).[2] *See United States v. Berkowitz*, 328 F.2d 358, 361 (3d Cir.), *cert. denied*, 379 U.S. 821, 85 S.Ct. 42, 13 L.Ed.2d 32 (1964). It is also clear that when a transfer is made because a court lacks personal jurisdiction over the defendants that the law of the transferee forum becomes the law applicable to the case. As Circuit Judge Stapleton recently wrote for this Court,

A transfer necessitated by lack of personal jurisdiction is based not upon the inconvenience of the original forum but upon the impropriety of that forum. If the state law of the original forum is applied following a transfer based upon

---

1. Section 1631 reads:

   *Transfer to cure want of jurisdiction.* Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

Although it is phrased in a manner which could be interpreted as meaning it is to apply to cases like this one, in which the transferor court lacks personal jurisdiction over the defendants, section 1631 appears from its legislative history to apply only to cases in which the transferor court lacks subject matter jurisdiction. *See* S.Rep. No. 97–275, 97th Cong., 2d sess. 11, *reprinted in* 1982 U.S.Code Cong. & Ad.News 11, 21.

2. Section 1404(a) provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

lack of personal jurisdiction, a plaintiff would gain by proceeding first in an improper forum.

*Weber v. McDonald's System of Europe, Inc.*, C.A. No. 84–442–WKS, slip op. at 7 (D.Del. May 15, 1985) (Stapleton, Circuit Judge, sitting by designation) (citations omitted); *cf. Martin v. Stokes*, 623 F.2d 469, 472 (6th Cir.1980). Therefore the law applicable to this diversity suit is the law of Delaware. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). No choice of laws question is posed because the accident underlying the suit took place in Delaware.

■ The relevant statute of limitations is 10 *Del.C.* § 8119, which reads, in relevant part, "no action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained ...." The undisputed facts reveal that suit was not filed in connection with the May 1981 accident until May 23, 1984. The only argument[3] the plaintiff has advanced to stave off summary judgment is that "[p]laintiff's failure to file within two years was the result of his prior attorney's unfamiliarity with this particular statute, and ... [p]laintiff should not be penalized for a mistake not of his own making." (D.I. 20 at 5.) But, as the defendants point out (D.I. 21 at 6), Delaware law has by long tradition given no weight to considerations of hardship or "fair play" in the application of statutes of limitations. *See, e.g., Rash v. C. & M. Corp.*, 59 Del. 257, 218 A.2d 670, 672 (1966); *Lewis v. Pawnee Bill's Wild West Co.*, 6 Pennewill 316, 66 A. 471, 474 (1907); *Bovay v. H.M. Byllesby & Co.*, 27 Del.Ch. 33, 29 A.2d 801, 804 (1943). The facts are undisputed, the law is simple, and the court's obligation is clear. The defendants' motion for summary judgment must be granted. An order to that effect will be entered.

---

**3.** The plaintiff did urge the Court to review the memorandum he submitted to the district court in Maryland (D.I. 20 at 5); however, that doc-

ument deals with matters of personal jurisdiction. (D.I. 4.) It does not even address the dispositive statute of limitations.