**Leonard L. BENTZ, Plaintiff-Appellee,**

v.

**Sam RECILE, et al.,
Defendants-Appellants.**

**No. 85–3036**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1985.

Ann C. Lazzara, Bay St. Louis, Miss., for defendants-appellants.

James K. Wetzel, Gulfport, Miss., for plaintiff-appellee.

Before RUBIN, JOHNSON, and JONES, Circuit Judges.

PER CURIAM:

Defendants Sam Recile, Sajare Interests, Ltd., and Brian Investments, Ltd., appeal from the district court's granting of summary judgment. We affirm.

## I. BACKGROUND

Leonard L. Bentz, the plaintiff and a resident of Mississippi, brought a civil action in the Circuit Court of Harrison County, Mississippi to recover some $18,500.00 on two promissory notes from Sam J. Recile and the other defendants, all of whom are residents of Louisiana. The defendants challenged the state court's in personam jurisdiction over them under the Mississippi long arm statute, Miss.Code Ann. § 13–3–57 (Supp.1984), but the state court upheld jurisdiction. The defendants then filed a petition for removal to the United States District Court for the Southern District of Mississippi and renewed their motion to dismiss for lack of personal jurisdiction in federal court. The plaintiff moved for summary judgment. The district court held that the Mississippi long arm statute was unconstitutionally overbroad as applied to the instant case and that the Mississippi federal district court lacked in personam jurisdiction. The Mississippi federal district court did not reach the plaintiff's summary judgment motion.

Instead of dismissing the case, the Mississippi federal district court transferred the action to the United States District Court for the Eastern District of Louisiana, which had personal jurisdiction over the Louisiana resident defendants. The Mississippi federal district court stated that the transfer was made pursuant to 28 U.S.C. § 1631, which permits the transfer of a civil action between federal courts. The Louisiana federal district court denied the defendants' motions to retransfer, to quash the service of process, and to dismiss for lack of in personam jurisdiction, and granted the plaintiff's motion for summary judgment. The defendants then filed a timely notice of appeal.

■ This Court affirms the district court's grant of summary judgment in favor of the plaintiff, although on somewhat different grounds. Although section 1631 may not allow such a transfer—a question we specifically reserve—the transfer of the case from the Southern District of Mississippi to the Eastern District of Louisiana, which had in personam jurisdiction over the defendants, was proper under 28 U.S.C. § 1406(a) or § 1404(a). Precedent of this court supports transfer of a case pursuant to section 1406(a) or section 1404(a) from a federal Court lacking personal jurisdiction to one possessing it, even if the case was removed from a state court that itself lacked personal jurisdiction.

## II. THE MERITS

Both the two federal district courts below and the plaintiff relied on 28 U.S.C. § 1631,[1] the federal transfer statute, to support the transfer of the case from the Mississippi federal district court to the Louisiana federal district court. The defendants argue that transfer is not proper under section 1631. We need not reach this issue, however, because a transfer of the kind involved in this case is proper under 28 U.S.C. § 1406(a),[2] or § 1404(a).[3] Like

---

**1.** Section 1631 provides:

Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was

actually filed in or noticed for the court from which it is transferred.

**2.** Section 1406(a) provides:

The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

**3.** Section 1404(a) provides:

For the convenience of parties and witnesses, in the interest of justice, a district court

section 1631, sections 1404(a) and 1406(a) employ an "interest of justice" standard. A section 1406(a) or section 1404(a) transfer finds clear support from precedent in this circuit.

In *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.*, 566 F.2d 523 (5th Cir.1978), a case with a procedural history strikingly similar to the instant case, the plaintiff originally filed suit in Georgia state court. The defendant removed to the federal district court for the Northern District of Georgia and moved to dismiss for lack of personal jurisdiction. The federal district court granted the motion because the minimum contacts requirement of the Georgia long arm statute were not met. The federal district court, however, vacated its order of dismissal upon a motion by the plaintiff, and transferred the case to the Middle District of Alabama, where both venue and personal jurisdiction were proper. The Alabama federal district court dismissed, holding that the Georgia federal district court could not transfer a case under section 1406(a) without first acquiring personal jurisdiction.

On appeal, this Court reversed and remanded. The Court first rejected the argument that the Georgia federal district court's lack of personal jurisdiction was a bar to a section 1406(a) transfer, citing the Supreme Court's decision in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), where the Court approved of section 1406(a) transfers even where both proper venue and personal jurisdiction are lacking. *See also Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1103–07 (5th Cir.1981). The Court in *Aguacate* also rejected the argument that transfer was inappropriate because venue was

proper in the transferor court, citing our earlier decision in *Dubin v. United States*, 380 F.2d 813 (5th Cir.1967). In *Dubin*, the Court held that section 1406(a) refers to "laying venue in the wrong division or district," not wrong venue itself. Transfer was proper in *Dubin* as in *Aguacate* because the district was "wrong"—the transferor court lacked in personam jurisdiction. *Dubin*, 380 F.2d at 815. Finally, the Court in *Aguacate* held unimportant that the case was removed from a Georgia state court without personal jurisdiction. The derivative nature of a federal court's jurisdiction after removal does not change the fact that "removed actions become subject to federal rather than state rules of procedure." Thus, "removed cases meeting the federal standards of section 1406(a) or section 1404(a) may also be transferred." *Aguacate*, 566 F.2d at 525.

■ The instant case follows *Ellis*, *Aguacate* and *Dubin*. The instant case too involves the transfer of a removed case from a district where venue is proper, under 28 U.S.C. § 1441(a),[4] but where personal jurisdiction is lacking, to another district where both venue is proper and personal jurisdiction can be had over the defendants. As noted above the *Aguacate* court also addressed the issue of a federal court's derivative jurisdiction after removal where the state court from which the case was removed itself lacked personal jurisdiction. The Court found no problem with applying section 1406(a) or section 1404(a) to transfer such a case, and *Aguacate* equally applies to the instant case. *See also Welsh v. Cunard Lines, Ltd.*, 595 F.Supp. 844 (D.Ariz.1984); *Cariffe v. Greninger*, 532 F.Supp. 131 (D.N.J.1982).[5]

---

may transfer any civil action to any other district or division where it might have been brought.

**4.** Section 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States

for the district and division embracing the place where such action is pending.

**5.** We note that the interplay between § 1631 and § 1406(a) has been considered by a federal district court in another circuit. In *Nose v. Rementer*, 610 F.Supp. 191, 192 (D.Del.1985), the court held that transfer of the case to it from the Maryland federal district court, which lacked personal jurisdiction over the defend-

## III. CONCLUSION

In sum, transfer of this case to the Eastern District of Louisiana was proper, the original service of process was valid, and the *Aguacate* opinion disposes of the personal jurisdiction issue. We also find no error as to the defendants' liability on the notes and the grant of summary judgment was thus proper. The judgment of the district court is

AFFIRMED.

ants, was proper under § 1404(a) although apparently not so under § 1631. The *Nose* court noted that § 1631 "appears from its legislative history to apply only to cases in which the transferor court lacks *subject matter* jurisdiction." 610 F.Supp. at 192 n. 1 (emphasis added). This Court, however, need not reach that issue in the instant case.

The defendants also contend that the service of process under the Mississippi long arm statute was insufficient because the statute could not constitutionally extend personal jurisdiction over them. "Although the questions of personal jurisdiction and service of process are closely interrelated, service of process is merely the means by which a court gives notice to defendant and asserts jurisdiction over him." C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil § 1353 (Supp.1985), at 204 (footnote omitted). In this case, the defendants were served under the Mississippi long arm statute; they received adequate notice of the lawsuit and in fact appeared at all stages of this litigation. The defendants have received all the notice service of process is designed to give. While the better practice is to re-serve defendants after a case is transferred from a federal district court lacking in personam jurisdiction, a remand to the district court to allow such reservice in this case would, to this Court, be merely a useless act and a waste of judicial resources. We emphasize, however, that "the act of transfer, *in and of itself,* [does not] cure any defect in service or cause previously unperfected jurisdiction to attach." *Stewart Coach Indus., Inc. v. Moore,* 512 F.Supp. 879 (S.D.Ohio 1981) (emphasis in original). We note also that this case presents no statute of limitations or choice of law issues. *See Driscoll v. New Orleans Steamboat Co.,* 633 F.2d 1158 (5th Cir.1981).