**Nancy L. WILSON, Plaintiff,**

v.

**ST. MARY'S HOSPITAL and The Mayo Clinic, jointly and severally, Defendants.**

Civ. No. 4–92–1068.

United States District Court, D. Minnesota, Fourth Division.

June 7, 1993.

Khalid H. Najar, Detroit, MI, for plaintiff.

William R. Stoeri, Elizabeth S. Wright, and Dorsey & Whitney, Minneapolis, MN and Ann E. Decker, Legal Dept., Mayo Clinic, Rochester, MN, for defendants.

**ORDER**

DOTY, District Judge.

This matter is before the court on plaintiff Nancy L. Wilson's motion for default judg-

ment or, in the alternative, to compel defendants St. Mary's Hospital and The Mayo Clinic ("the defendants") to file an answer. Based on a review of the file and record herein, the court denies Wilson's motion.

## BACKGROUND

Wilson filed this action in the United States District Court for the Eastern District of Michigan ("Michigan court") on July 20, 1992. Wilson served her complaint and a summons issued by the Michigan court ("Michigan court summons and complaint") on the defendants on August 6, 1992. The defendants moved the Michigan court to dismiss Wilson's complaint for lack of personal jurisdiction. Wilson did not oppose that motion. However, instead of dismissing the action and forcing Wilson to refile her claim in a district that could exercise jurisdiction over the defendants, the Michigan court transferred Wilson's action to the United States District Court for the District of Minnesota ("this court") pursuant to 28 U.S.C. § 1406.

Upon transfer to this court, Wilson failed to serve the defendants with a complaint and summons issued by this court. In a letter dated November 2, 1992, the defendants' counsel informed Wilson's counsel that cases transferred pursuant to 28 U.S.C. § 1406 require new service of process. In response, Wilson reserved a copy of the Michigan court summons and complaint. After receiving the Michigan court summons and complaint, the defendants' counsel reminded Wilson's counsel in a letter dated December 7, 1992, that Wilson must serve the defendants with a complaint and summons issued by this court in order to commence the transferred action.

> You apparently recently "served" upon Mayo and St. Mary's Hospital a copy of the Summons from the Michigan court and a Complaint from the Michigan case. As you are aware, this matter is not proceeding in the Michigan court. If you wish to commence this lawsuit, serve us with a Summons from the District Court of Minnesota along with a properly captioned Complaint. Upon receiving that, we will respond. As for now, we do not even have a case number for this matter in the District of Minnesota because we have not

received a proper Summons and Complaint from you.

Stoeri Aff., Exh. 7.

In response to the defendants' December 7, 1992, letter, Wilson filed a request for entry of default judgment by the clerk of court pursuant to Rule 55(b)(1) of the Federal Rules of Civil Procedure. The Clerk of Court for the District of Minnesota declined to enter default judgment. In response, Wilson now moves for a default judgment by order of the court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure.

## DISCUSSION

■ 28 U.S.C. § 1406(a) provides that:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

The transferor court has jurisdiction to transfer the action pursuant to § 1406 even though it does not have personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 465–66, 82 S.Ct. 913, 915–16, 8 L.Ed.2d 39 (1962). Transfer pursuant to § 1406 to remove a procedural obstacle such as lack of personal jurisdiction is favored over dismissing an action because transfer facilitates the adjudication of a dispute on its merits. *Sinclair v. Kleindienst,* 711 F.2d 291, 294 (D.C.Cir.1983).

■ Transfer of a case pursuant to 28 U.S.C. § 1406 does not confer personal jurisdiction upon the court receiving the case. *Michelson v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 709 F.Supp. 1279, 1288 (S.D.N.Y.1989). "[T]ransfer only makes personal jurisdiction in the new district possible...." *Id.* A court receiving a case pursuant to a transfer under § 1406 acquires personal jurisdiction only if the plaintiff serves the defendants over whom the original court lacked jurisdiction with a proper summons and complaint. *Id.* ("[T]he transferee court apparently acquires personal jurisdiction if, upon transfer, the plaintiff serves (or re-serves) those defendants over whom the original court lacked personal jurisdiction."

(citations omitted)); *Stewart Coach Indus., Inc. v. Moore*, 512 F.Supp. 879, 883–84 (S.D.Ohio 1981) ("While this Court does not understand that the act of transfer, *in and of itself*, might cure any defect in service or cause previously unperfected personal jurisdiction to attach, it does believe that such problems can be readily resolved *after* transfer by an Order directing that the defendant be properly served under the law in the transferee forum. . . .").

Wilson contends that re-service of both a complaint venued in the District of Minnesota and a summons issued by this court asserting jurisdiction is a "useless act." Wilson relies on *Bentz v. Recile*, 778 F.2d 1026 (5th Cir.1985) as support for her argument. Analysis of that opinion, however, reveals that Wilson's reliance on the *Bentz* decision is misplaced. The *Bentz* court "emphasize[d] . . . that 'the act of transfer [pursuant to § 1406], *in and of itself*, does not cure any defect in service or cause previously unperfected jurisdiction to attach.'" *Id.* at 1028 n. 5 (citation omitted) (emphasis in original). The *Bentz* court determined, however, that under the specific facts of the case before it that no re-service was needed. The court reasoned that the case had already been decided on the merits against the defendant and there was no point in remanding the case to the district court so that the plaintiff could re-serve the defendants, only to have the case dismissed again on summary judgment.[1] *Id.*

This case is distinguishable from the *Bentz* case. This case is at its inception and its merits have not been adjudicated. The court thus determines that service of a summons issued by this court and a complaint venued in this district is not a useless exercise.

There is no dispute that Wilson has not served a summons issued by this court and a complaint venued in this district upon the defendants. Service of process is a jurisdictional prerequisite to maintaining an action in federal court.

Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104, 108 S.Ct. 404, 409, 98 L.Ed.2d 415 (1987) (quoting *Mississippi Publishing Corp. v. Murphree*, 326 U.S. 438, 444–45, 66 S.Ct. 242, 245–46, 90 L.Ed. 185 (1946)). "[A]ctual knowledge of the existence of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service of process." *Mid–Continental Wood Prods., Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir.1991); *see also Rixner v. White*, 417 F.Supp. 995, 997 (D.N.D.1976) ("Although a defendant may have full knowledge that an action has been commenced against him, a court, nevertheless, lacks jurisdiction to enter a judgment against him unless personal jurisdiction has been obtained by strict compliance with the statute designating the method of obtaining such jurisdiction.") (citation omitted).

Based on the foregoing, the court determines that Wilson has not properly commenced this action and, therefore, the court lacks personal jurisdiction over the defendants. Although Wilson's failure to follow the strict procedural requirements may ultimately produce harsh results, that possibility

---

1. Wilson suggests that *Michelson v. Merrill Lynch, Pierce, Fenner & Smith*, 709 F.Supp. 1279 (S.D.N.Y.1989) supports her interpretation of *Bentz*. The *Michelson* court, however, recognized that the *Bentz* court's determination, although practical, only had limited applicability and declined to follow it.

"The *Bentz* approach is sensible and appealing: The function of service is satisfied in that the defendants receive notice, if served, even if the original venue was improper. By allowing personal jurisdiction to attach simply by transfer to a proper venue, without re-service, the *Bentz* approach eliminates the procedural obstacles that frustrate plaintiffs with no apparent detriment to defendants. However, I decline in this case to [follow the *Bentz* approach because]. . . . this is not a case, as was *Bentz*, in which re-service would only tidy a case and require another appeal, simply to affirm an award of summary judgment. In the case at hand, re-service may be useful to ensure that the court has acquired personal jurisdiction for the protracted litigation that may follow." *Id.* at 1288–89. Accordingly, the *Michelson* court found "that the transfer of . . . [the] case from New Mexico to New York, alone, did not cure the defect in personal jurisdiction." *Id.*

does not preclude the strict enforcement of those requirements.

Although a requirement that new service be made in all cases of transfer under § 1406(a) may occasionally penalize plaintiffs with "'time consuming and justice defeating technicalities,'" ... plaintiffs must always affirmatively show jurisdiction is conferred on the court it must do so in strict compliance with statute.

*Rixner*, 417 F.Supp. at 997. Should Wilson decide to pursue her claim against the defendants, she can refile her complaint, obtain a summons from this court and serve the defendants.

Accordingly, IT IS HEREBY ORDERED that:

1. Wilson's motion for default pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure is denied; and

2. This action is dismissed without prejudice for lack of personal jurisdiction.