WATERMAN STEAMSHIP
CORPORATION

v.

SOUTHERN MACHINERY COMPANY.

Civ. A. No. 94–2242.

United States District Court,
E.D. Louisiana.

Dec. 16, 1994.

Richard D. Bertram, Robert B. Acomb, Jr., New Orleans, LA, for plaintiff, Waterman S.S. Corp.

V. Douglas Gunter, Jackson, MS, Marvin L. Jeffers, New Orleans, LA, for defendant, Southern Machinery Co.

## ORDER AND REASONS

MENTZ, District Judge.

Defendant, Southern Machinery Company ("Southern Machinery"), moves the Court to dismiss this action for lack of personal jurisdiction, or in the alternative, for a change of venue. For the reasons that follow, the Court grants the motion and transfers the matter to the United States District Court for the Southern District of Mississippi.

## BACKGROUND

Southern Machinery is a Mississippi corporation domiciled in Mississippi, and which has no other office or place of business elsewhere. It is in the business of acquiring heavy machinery for re-sale to its customers located throughout the world. During the fall of 1993, Southern Machinery negotiated a sale of asphalt plants to one of its regular customers located in Bangladesh, known as Abdul Monum Limited ("Abdul"). Southern Machinery subsequently contacted Alexander International, Inc. ("Alexander"), a freight forwarding company, to handle the shipping and documentation connected with Southern Machinery's sale to Abdul. Alexander then negotiated on Southern Machinery's behalf with Waterman Steamship Company ("Waterman") to ship the goods to Bangladesh.

At some point before the goods reached Bangladesh, Southern Machinery learned of a discrepancy in the required documentation which prevented Abdul from receiving the machinery on time, and which allegedly prevented Southern Machinery from receiving its contract price from Abdul. Southern Machinery subsequently filed a negligence ac-

tion against Waterman in a Mississippi state court.

Waterman alleges that Southern Machinery never paid Waterman for shipping the machinery in the first place, so Waterman filed suit against Southern Machinery pursuant to 28 U.S.C. § 1333 in this Court. It is this suit which Southern Machinery now seeks to dismiss or transfer.

## LAW AND ARGUMENT

■ In order for a court to assert jurisdiction over a nonresident defendant, the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute, and the exercise of jurisdiction under the statute must comport with the norms imposed by the due process clause of the fourteenth amendment. *Dalton v. R & W Marine, Inc.,* 897 F.2d 1359 (5th Cir.1990). The due process clause of the fourteenth amendment permits a court to exercise personal jurisdiction over a nonresident defendant if the defendant has sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) [quoting *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940) ]. A nonresident defendant's contacts must not be isolated, fortuitous, or attenuated. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). Instead, there must be a substantial connection between the defendant's activities and the forum state. *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); *Burger King v. Rudzewicz,* 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985).

■ In the instant case, it is clear that Southern Machinery does not have sufficient minimum contacts with this forum to be subject to suit here. Southern Machinery has no business office, or agent for process, or employees or representatives in Louisiana,

nor does it own any property or have any assets in Louisiana. Southern Machinery has never sent any salesmen, servicemen, or representatives to Louisiana for business purposes, save one trip by the President of Southern Machinery, Mr. Mike Yarbro, to deliver goods for export to the Port of New Orleans.[1] Further, Southern Machinery has never advertised in the Louisiana media.

Southern Machinery's only potentially significant contact with Louisiana is its relationship with Alexander. However, the jurisprudence is clear that a single contract with a forum resident might not establish minimum contacts with that forum. *See* e.g., *Burger King Corp. v. Rudzewicz, supra.*

Waterman attaches great significance to the fact that Southern Machinery corresponded regularly with Alexander. However, the mere fact that the parties communicated by way of interstate mail, telephone, or wire services is insufficient to support an assertion of personal jurisdiction. *T.J. Raney & Sons, Inc. v. Security Savings & Loan Association,* 749 F.2d 523 (8th Cir.1984). Accordingly, the Court finds there are insufficient contacts between Southern Machinery and Louisiana to assert in personam jurisdiction over Southern Machinery. However, instead of dismissing the action, the Court elects to transfer this case to the United States District Court for the Southern District of Mississippi.

■ A court which lacks personal jurisdiction may transfer the case to a district where venue is proper and where personal jurisdiction can be had over the defendant, pursuant to 28 U.S.C. § 1404(a), which authorizes a transfer in the interest of justice, or pursuant to § 1406(a), which authorizes transfer where venue is laid in the wrong district. *Bentz v. Recile,* 778 F.2d 1026 (5th Cir.1985) [citing *Aguacate Consolidated Mines, Inc. v. Deeprock, Inc.,* 566 F.2d 523 (5th Cir.1978) ]. Although the general rule is that venue must be improper in order to support a transfer under § 1406,[2] the language in that section is broad enough to authorize the transfer of a

---

1. The Court does not consider this to be a purposeful introduction of the defendant's product into Louisiana such that it could reasonably anticipate being haled into court here. For com-

parison, *see Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984).

2. *See* 1 Fed Proc, L Ed § 1: 718 et seq.

case if the court in which the case is brought does not have personal jurisdiction over the defendant. *Goldlawr, Inc. v. Heiman,* 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962). In this instance, this district is "wrong" because it lacks personal jurisdiction over the defendant. *See* 28 U.S.C. § 1406. That this Court lacks personal jurisdiction over the defendant is not a bar to transfer. *Bentz v. Recile, supra; Dubin v. United States,* 380 F.2d 813 (5th Cir.1967); *Ellis v. Great Southwestern Corp.,* 646 F.2d 1099 (5th Cir. 1981). As defendant Southern Machinery is a resident of Rankin County, Mississippi, the United States District Court for the Southern District of Mississippi would have personal jurisdiction over Southern Machinery. Venue would also be proper in that district. *See* 28 U.S.C. § 1391(b). As the case could have been brought in that district, transfer of this matter to that district is proper. *See* 28 U.S.C. § 1406.

Accordingly,

**IT IS ORDERED** that:

(1) the defendant's Motion to Dismiss or in the alternative, to Transfer is **GRANTED,** and this matter is **TRANSFERRED** to the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1406; and

(2) the hearing scheduled in this matter on **December 14, 1994** is **CANCELED.**