231 N.J. Super. 378 (1989)
555 A.2d 729
MILLICENT WOLPERT AND LIONEL WOLPERT, HER HUSBAND, PLAINTIFFS-APPELLANTS,
v.
NORTH SHORE UNIVERSITY HOSPITAL, DR. GERARDO MONTERO, M.D., DR. DAVID PELCOVITZ, PH.D., ALICE BROWN, PSY.D., KATE FITZGERALD, MSW, "J. DOE," AND "K. DOE," (J. AND K. DOE BEING FICTITIOUS), DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 21, 1989.
Decided March 15, 1989.
*379 Before Judges ANTELL, DREIER and HAVEY.
George F. Hendricks, for appellants (Charles J. Soos, on the brief).
McDonough, Murray & Korn, for respondents (Robert J. Logan, of counsel, Melinda Fabrikant, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Plaintiffs appeal from the dismissal of their complaint on the grounds of lack of in personam jurisdiction over defendants. Defendants, a New York physician, psychologists and social *380 worker, as well as North Shore University Hospital, of Manhassett, New York, issued two reports to the Superior Court of New Jersey concerning the alleged sexual abuse by plaintiffs of plaintiffs' grandson. The abuse charges had been raised by plaintiffs' former daughter-in-law, who resides in New York, in an effort to prevent visitation with her son's father and grandparents in New Jersey. The complaint against the New York defendants sounds in negligence, "gross" negligence and intentional conduct.
If the actions of defendants were negligent, reckless or intentional, they were directed at and intended to have effect in a New Jersey proceeding, as is apparent from the reports being addressed to a Superior Court judge in New Brunswick.
We see little difference between this case and any other in which a person takes an action in one state, but knows it will have effect in another. In such a case, the second state constitutionally can acquire jurisdiction over the actor. New Jersey has, in R. 4:4-4(e), extended jurisdiction over non-residents to the full extent permitted by due process. Avdel Corporation v. Mecure, 58 N.J. 264, 268 (1971). If someone negligently discharges a firearm from across the State line, intentionally directing the bullet into New Jersey, we have little doubt that such an act satisfies the dictates of International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101-102 (1945), and its progeny, entitling us to exercise jurisdiction over the actor. See Charles Gendler & Co. v. Telecom Equipment Corp., 102 N.J. 460, 471-472 (1986), stating that jurisdiction may be founded on a single contact where the suit arises from the particular transaction having a substantial connection to the forum. And see J.W. Sparks & Co. v. Gallos, 47 N.J. 295, 303 (1966) (a New Jersey investor purchased stock through a New Jersey office of a broker, knowing the transaction would be executed in New York; New York had a valid basis for asserting jurisdiction over the *381 customer); Dave's Trash Removal v. Charm City, 214 N.J. Super. 497, 501-503 (App.Div. 1987) (the Maryland defendants solicitation in New Jersey of offers to purchase its truck was sufficient contact to support both a New Jersey action arising from such sale and out-of-state service on defendant); Unicon Investments v. Fisco, Inc., 137 N.J. Super. 395, 403-404 (Law Div. 1975) (an out-of-state corporation's guaranty of a New Jersey lease is a sufficient contact to warrant New Jersey's exercise of jurisdiction in a suit based on that guaranty).
Similarly, a physician or other health care professional who issues a report, intending that it will be the basis for action in another state, should realize that liability can follow in the courts of that state. In appropriate cases, upon forum non conveniens considerations, we might defer exercising this jurisdiction. See Washington v. Magazzu, 216 N.J. Super. 23 (App. Div. 1987). In this case, however, no such factors are present. We therefore have no hesitancy here in finding a sufficient basis for jurisdiction.[1]
We are faced, however, with an apparently contrary opinion of a different panel of this court in Bovino v. Brumbaugh, 221 N.J. Super. 432 (App.Div. 1987). In both cases, the defendants performed their examinations solely at their out-of-state offices: in Bovino, in Pennsylvania; in our case, in New York. In *382 Bovino, the patient had been referred to the defendant doctor by a New Jersey physician; in our case, by the New York Court. In Bovino the doctor forwarded his consultant's report to the referring physician and subsequently discussed the patient's condition and treatment with the New Jersey physician by telephone; he thus clearly understood that his advice would be acted upon in New Jersey. In our case, defendants also intended that the New Jersey court would rely upon their advice. The bases of both plaintiffs' claims were the New Jersey effects of the alleged negligently prepared reports.
Bovino implicitly finds that the Pennsylvania physician did not intend his actions to create an effect in the State of New Jersey. The court stressed that jurisdiction should not be exercised over a non-resident physician who renders services in another state to a patient who has voluntarily travelled from the forum state to benefit from the physician's services. 221 N.J. Super. at 437. We, however, see a difference between (a) examination, treatment and advice rendered solely in another state to a New Jersey patient, and (b) examination in another state followed by advice to the New Jersey referring doctors concerning how they should treat the patient. The former situation, which the Bovino court discussed, might insulate the physician from our long-arm jurisdiction; the latter characterization, which appears to be justified by the facts in Bovino, should not.[2]
Whether we distinguish or disagree with Bovino, the facts in the case before us are sufficiently strong to require the contrary result. There was no New York treatment or advice; the *383 sole advice was rendered by reports directed to the New Jersey court. If it was inaccurate and negligently, recklessly or intentionally rendered, it can, under New Jersey law, engender the same responsibility as the accountant's report in Levine v. Wiss & Co., supra. It may subject the issuer to liability in New Jersey, irrespective of the fact that it was rendered and mailed from over the State line.
Reversed and remanded.
NOTES
[1] Our action today focuses solely on the procedural ruling. We note, however, that the reports were directed by a New York judge and thus might be thought to engender immunity automatically. Cf. R. 5:3-3, granting no such immunity. The New Jersey Supreme Court, however, has held that a court-appointed accountant who has issued a report in a matrimonial proceeding, but who was negligent in the performance of the accounting, may be held liable notwithstanding the court appointment. Levine v. Wiss & Co., 97 N.J. 242 (1984) ("Court appointment is not a talisman for immunity." Id. at 252). A similar principle may apply here if New Jersey law is to be applied. We will, however, leave to the trial judge the choice of law issue concerning whether New York or New Jersey law governs defendants' responsibility. The issue has not been raised or briefed before us. We also have not been informed whether New York grants immunity to court-appointed examining health care professionals.
[2] In Bovino it appears that since the Pennsylvania examination and report were acknowledged to have been intended to influence the New Jersey referring physician's treatment, the defendant had entered "into a contract which [would] have significant effects in" New Jersey. Avdel v. Mecure, supra, 58 N.J. at 272. As physical entry into the forum is not necessary, Unicon Investments v. Fisco, Inc., supra, the court in Bovino might have focused more on the anticipated New Jersey effect of the Pennsylvania examination, and later telephone advice to plaintiff's New Jersey physicians.