G-69, a/k/a DG-2, and his wife, Plaintiffs,

v.

John DEGNAN, et al., Defendants.

Civ. A. No. 86-3282.

United States District Court, D. New Jersey.

Oct. 17, 1990.

Sprague, Higgins & Creamer by Pamela W. Higgins, Philip I. Weinberg, Collingswood, N.J., for plaintiffs.

Bernard F. Conway, Morristown, N.J., for "New Jersey Atty. Gen. defendants": John Degnan, Irwin I. Kimmelman, Barry Goas, David Brody, and Donald Belsole.

OPINION

BROTMAN, District Judge.

Presently pending before the Court is plaintiffs' motion for reconsideration of this Court's grant of summary judgment as to all claims under 42 U.S.C. § 1983 for money damages against the Attorney General defendants.[1] Plaintiffs also request a clarification of that part of this Court's order of the same date dealing with the denial of summary judgment of the prospective injunctive relief claims.

FACTS AND PROCEDURE

It is unnecessary to repeat the facts outlined in this Court's August 20, 1990 opinion. It is necessary, however, to present supplemental facts that plaintiffs argue require this Court to vacate the order granting summary judgment on the money damages claim.

Plaintiffs have presented deposition testimony of certain defendants that plaintiffs say was not available to the Court during its consideration of defendants' summary judgment motion. The new information goes to defendants' perception of the employment relationship they entered into with G–69 when he agreed to act as an undercover informant for the New Jersey State Police. Specifically, plaintiffs say further depositions and discovery have revealed that defendants repeatedly pressed G–69 to continue his activities as an undercover informant; that defendants assured G–69 he would be well-protected; that an agreement for G–69's safety, relocation and redocumentation was verbally agreed to on April 3, 1984; that G–69 cooperated with the State Police in Operation Welback; and that prior to abandoning plaintiffs, the State Police paid G–69 $52,341 pursuant to the April 3, 1984 agreement. *See* Plaintiffs' Memorandum of Law in Support of Motion for Reconsideration at 3–5.

Plaintiffs rely on this information to conclude that the fact the agreement exists is sufficient evidence that defendants knew of G–69's property and liberty interests, which they had obligated themselves to

protect. Therefore, plaintiffs argue, this Court should find that defendants could not deprive plaintiff of his property and liberty rights without a pretermination hearing. *Id.* at 7.

DISCUSSION

■ District Court of New Jersey General Rule 12I provides that a motion for reconsideration shall be served with "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." A party seeking reconsideration must show more than a disagreement with the Court's decision, and "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Carteret Savings Bank, F.A. v. Shushan,* 721 F.Supp. 705, 709 (D.N.J.1989). *See also Egloff v. New Jersey Air National Guard,* 684 F.Supp. 1275, 1279 (D.N.J.1988). The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, "might reasonably have altered the result reached...." *New York Guardian Mortgage Corp. v. Cleland,* 473 F.Supp. 409, 420 (S.D.N.Y.1979); *United States v. International Business Machines Corp.,* 79 F.R.D. 412, 414 (S.D.N.Y.1978).

In this case, plaintiffs fail to present any controlling decisions that this Court may have overlooked. Plaintiffs do, however, introduce new information which merits the Court's attention. There is nothing to prevent the Court from examining new facts or evidence that might lead to a different result if considered by the Court. *See In the Matter of Arbitration between Dow Jones & Co., Inc. v. Irwin & Leighton, Inc.,* 1990 WL 8733, 1990 U.S.Dist. LEXIS 1068 (D.N.J., Civ. No. 89–3641, Jan. 29, 1990); *Efrain Maldonado v. Rusty Lucca,* 636 F.Supp. 621, 105 Lab.Cas. (CCH) P34,841 (D.N.J.1986).

■ Plaintiffs argue that the Court's understanding of the employment relation-

---

**1.** This Court's opinion of August 20, 1990 denied summary judgment of plaintiff's claim for prospective injunctive relief against defendants Brody and Goas.

ship between G–69 and the Attorney General defendants was flawed in that it failed to define it as a standard employment relationship giving rise to a duty of pretermination hearing. The additional evidence now before the Court does correct certain inferences made in its opinion as to 1) who controlled the casino license G–69 was promised and 2) who was paying G–69 at the time of the agreement. *See G–69 v. Degnan*, 745 F.Supp. 254, 261–62 (D.N.J. 1990). However, even taking into account such clarification of the relationship between G–69 and defendants, the Court still must conclude that "defendants could have reasonably believed that their refusal to provide further assistance to G–69 without a pretermination hearing was constitutional because the state courts afford plaintiffs process sufficient to protect whatever property interest he might have had." *Id.* at 262.

It bears repeating that whether there was a clearly established right for purposes of applying the test articulated in *Anderson v. Creighton* "is a legal question to be determined on an objective basis." 745 F.Supp. 254, at 260. Plaintiffs' showing of additional evidence of defendants' subjective beliefs about the relationship is irrelevant to this objective inquiry. As incongruous as it sounds, *Anderson's* requirement of a "particularized" legal right means that, even though defendants may have subjectively perceived a standard employment relationship involving plaintiff's property and liberty interests, it was objectively reasonable under the law at that time for defendants to conclude that their alleged breach of the agreement did not give rise to due process pretermination rights.

Plaintiffs further argue that this Court assumed material facts that they claim are in dispute. Specifically, plaintiffs assert that in no way did G–69 voluntarily act as an informant for defendants; rather he was coerced. Plaintiffs' Memorandum of Law at 10–11. Plaintiffs' argument on this point, however, must fail because it is undisputed that "G–69 took the position in the casino of his own free will...." 745 F.Supp. at 262. It is this completely voluntary act of G–69's from which flows his involvement as an informant for defendants. G–69, as a trained hotel manager, had a variety of career opportunities open to him that would not have burdened him with the need to obtain a special license. By choosing to accept a job in the specially regulated casino industry, G–69 voluntarily walked into a situation that would require involvement with law enforcement authorities. This Court can not say that defendants coerced G–69 into taking that path, and therefore, it can not say that defendants likewise coerced him into acting as an undercover informant. Therefore, no issue of material fact precluding entry of summary judgment is in dispute.

Plaintiffs' argument on this Court's analysis of *DeShaney v. Winnebago County Department of Social Servs.*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), fails to provide any controlling decisions that this Court overlooked, and is therefore dismissed.

Finally, plaintiffs request this Court to clarify language in its August 20, 1990 Order which states that "the federal claims for prospective relief against defendants Brody and Goas are NOT DISMISSED...." Plaintiffs are entitled to a clarification, already apparent by a fair reading of the accompanying opinion, that plaintiffs' claim for injunctive relief includes the benefits of [plaintiff's] contract with the state, including their agreed-to compensation and ordering payment to plaintiffs by defendants of money already due them. An appropriate clarification will be entered as part of the order denying plaintiffs' motion for reconsideration.

CONCLUSION

Plaintiffs have failed to present matters or controlling decisions that may have been overlooked by this Court that reasonably would have led to a different result in its grant of summary judgment as to plaintiffs' money damages claim. Its motion for reconsideration, therefore, is denied.

ORDER

This matter having come before the court on plaintiffs' motion for reconsidera-

tion of this court's grant of summary judgment to defendants on the claim for money damages; and

The court having considered the complete submissions of the parties; and

Plaintiffs having presented no evidence to persuade this court that its grant of defendants' motion for summary judgment as to money damages was wrongly decided;

IT IS on this 16th day of October, 1990 hereby

ORDERED that plaintiffs' motion for reconsideration of the court's grant of summary judgment is DENIED; and

IT IS further ORDERED that this court's Order of August 20, 1990 is hereby clarified to state that: The federal claims for prospective relief, including any benefits G–69 may be entitled to pursuant to his contract with the state, against defendants Brody and Goas are NOT DISMISSED.