**Frances G. CHICOSKY, individually and as Executrix of the Estate of Donald M. Chicosky, Deceased, Plaintiff,**

v.

**PRESBYTERIAN MEDICAL CENTER, Philadelphia Heart Institute, Francis Marchlinski, M.D., individually and as employee of Philadelphia Heart Institute, Ventritex and Medtronic, Inc., Defendants.**

No. CIV. A. 97–2814.

United States District Court,
D. New Jersey.

Oct. 1, 1997.

ferred to another District Court where the first District Court does not have personal jurisdiction over two of the indispensable party defendants.[1]

Plaintiff, Frances G. Chicosky, individually and as Executrix of the Estate of Donald M. Chicosky, Deceased, ("Mrs.Chicosky"), has moved under Local Civil Rule 7.1(g)[2] for reconsideration of this Court's August 1, 1997, unpublished Opinion and Order dismissing the Complaint as against Defendants, Presbyterian Medical Center ("PMC") and Francis Marchlinski, M.D. ("Marchlinski"), for lack of personal jurisdiction. In the alternative, Mrs. Chicosky has moved for a change of venue to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). For the reasons set forth below, the motion for reargument will be denied and the motion to transfer will be granted.

## I. Factual and Procedural Background

This is a malpractice action in which Mrs. Chicosky claims that Marchlinski, who was the treating physician of the Plaintiff's deceased husband, Donald M. Chicosky ("Mr. Chicosky"), was negligent in rendering medical advice. Specifically, Mrs. Chicosky claims that Marchlinski was negligent in failing to advise Mr. Chicosky to seek immediate medical attention, after Mr. Chicosky had reported receiving a powerful shock from a defibrillator which had been implanted in 1991. This omission allegedly occurred during a telephone conversation between Marchlinski and Mrs. Chicosky on April 29, 1995 during which the Chicoskys were physically located in New Jersey. Early in the morning on April 30, 1997, Mr. Chicosky "suffered a coronary which left [him] with catastrophic injuries from which he never recovered." *See* Complaint (dated April 29, 1997).

On April 29, 1997, exactly two years after the allegedly negligent medical advice was rendered, Mrs. Chicosky filed a complaint in

Robert F. Gaskill, Begley, McCloskey & Gaskill, Moorestown, NJ, for Plaintiff, Frances G. Chicosky.

Dominic A. DeLaurentis, Jr., Susan L. Fleming, Law Offices of Stanley P. Stahl, Voorhees, NJ, for Defendant, Francis Marchlinski, M.D.

James A. Young, Michael J. Burns, Christie, Parabue, Mortensen & Young, Cherry Hill, NJ, for Defendant, Presbyterian Medical Center.

David J. Cooner, McCarter & English, Newark, NJ, for Defendant, Pacesetter, Inc.

John P. Lavelle, Jr., Hangley, Aronchick, Segal & Pudlin, Cherry Hill, NJ, for Defendant, Medtronic, Inc.

ORLOFSKY, District Judge:

This case presents the Court with the intricate question of when and exactly how a case which has been removed from a state to a United States district Court may be trans-

---

1. An indispensable party under Rule 19 of the Federal Rules of Civil Procedure are those, *inter alia*, without whom complete relief among the parties cannot be accorded.

2. The rule provides, in relevant part: "A motion for reargument shall be served and filed within 10 days after the entry of the order or judgment on the original motion by the Judge ... There shall be served with the notice a brief setting forth concisely the matters or controlling decisions which counsel believes the Judge ... has overlooked." Local Civ. R. 7.1(g).

the Superior Court of New Jersey, Burlington County, Law Division. On May 30, 1997, Defendants, Marchlinski and PMC, filed a notice of removal pursuant to 28 U.S.C. § 1441(b), claiming that none of the defendants was a citizen of New Jersey, the state in which the action was originally brought, and that this Court could properly exercise jurisdiction under 28 U.S.C. § 1332. The action was removed to "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

On August 1, 1997, Defendants, Marchlinski and PMC, moved to dismiss the Complaint under Rule 12(b) of the Federal Rules of Civil Procedure. They alleged two grounds for dismissal, lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2), and improper venue, Fed.R.Civ.P. 12(b)(3). As alternative relief, they moved for a change of venue under 28 U.S.C. § 1404(a) to the Eastern District of Pennsylvania, if the Court found that it had personal jurisdiction over either Marchlinski, PMC, or both. Mrs. Chicosky responded to the motion by arguing that the Court could exercise personal jurisdiction over Defendants, Marchlinski and PMC, and by arguing that the statute authorizing removal, 28 U.S.C. § 1441 *et seq.*, contains in section 1441(a) "a grant of venue." Plaintiff's Memorandum of Law in Opposition (dated June 24, 1997). Finally, Mrs. Chicosky argued on grounds of judicial economy that transfer under 28 U.S.C. § 1404(a) to the Eastern District of Pennsylvania was improper.

The Court dismissed the Complaint against Defendants, Marchlinski and PMC, for lack of personal jurisdiction in an unpublished Opinion and Order dated August 1, 1997, and, consequently, did not rule on the Defendants' motion to transfer the action under 28 U.S.C. § 1404(a). Subsequent to the Court's Order, Dominic A. DeLaurentis, Jr., Esq. substituted for Marchlinski's original counsel, who remained in the action as PMC's counsel.

Mrs. Chicosky has now moved pursuant to Local Civil Rule 7.1(g) asking this Court to reconsider its original decision as to personal jurisdiction and, in the alternative, to trans-

fer the action to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1406(a). Jurisdiction is proper in this Court under 28 U.S.C. § 1332.

## II. Discussion

### A. Reconsideration of Dismissal for Lack of Personal Jurisdiction

Plaintiff's motion for "reconsideration," which the Court reads as a motion for reargument, is governed by Rule 7.1(g) of the Local Civil Rules for the District of New Jersey, formerly General Rule 12.I. Rule 7.1(g) provides that a party may, within ten days of the entry of an order adverse to that party, move for reargument, upon a showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision.

The word "overlooked" is the operative term in the Rule. *See* Allyn Z. Lite, *New Jersey Federal Practice Rules* 86 (1996 & Supp.1997). Mere disagreement with a decision of the district court should normally be raised through the appellate process and is inappropriate on a motion for reargument. *Bermingham v. Sony Corp.*, 820 F.Supp. 834, 859 n. 8 (D.N.J.1992), *aff'd*, 37 F.3d 1485 (3d Cir.1994); *Florham Park Chevron v. Chevron, U.S.A.*, 680 F.Supp. 159, 163 (D.N.J. 1988). Only where matters were overlooked and which, if considered by the Court, might reasonably have resulted in a different conclusion, will the Court entertain such a motion. *See, e.g., Panna v. Firstrust Savings Bank*, 760 F.Supp. 432, 435 (D.N.J.1991); *G–69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J. 1990) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'") (citation omitted).

A motion for reargument "is an extremely limited procedural vehicle" and may not be used to expand the record before the court. *Resorts Int'l, Inc. v. Greate Bay Hotel & Casino*, 830 F.Supp. 826, 831 (D.N.J.1992) (Gerry, J.). Finally, relief under the rule is

granted "very sparingly." *Maldonado v. Lucca,* 636 F.Supp. 621, 630 (D.N.J.1986).

▮ The fact asserted by Mrs. Chicosky as having been overlooked is that her claim "against Dr. Marchlinski arises out of the April 29, 1995, phone call made by Dr. Marchlinski to plaintiffs at plaintiffs' home in New Jersey." Rather than focusing on something that the Court did not consider, Mrs. Chicosky's argument directs the Court's attention to a fact which was specifically considered by the Court. The motion will therefore be denied.

Mrs. Chicosky's argument is essentially that personal jurisdiction over Marchlinski may be exercised on the basis of a single telephone call from Marchlinski to Mrs. Chicosky in New Jersey. The motion for reargument now underscores that the "thrust of [her] complaint against [Defendants, Marchlinski and PMC] is the negligent medical advice given ... during a phone call initiated by [Marchlinski]." Therefore, Mrs. Chicosky argues, the claims "arise[ ] out of or relate[ ] to" Marchlinski's minimum contacts. Plaintiff's Memorandum of Law in Support of Motion for Reconsideration 2–3 & n. 1 (dated Aug. 6, 1997)

However, this argument for "specific" jurisdiction, as opposed to "general" jurisdiction, *see generally Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984), was made at great length in the original opposition to Marchlinski and PMC's motion to dismiss. In response to the argument, the Court noted that medical services are "personal in character and directed at the person who needs treatment, *not at any particular forum.*" *Chicosky v. Presbyterian Med. Ctr.,* No. 97–2814, slip op. at 8 (D.N.J. Aug.1, 1997) (emphasis added) (citation omitted). Thus, the Court concluded that a mere telephone call between Marchlinski and Mrs. Chicosky during which medical services were allegedly rendered was not a forum-directed activity, and therefore could not support specific jurisdiction.

Additionally, the Court noted that a telephone call could not be a constitutional basis for jurisdiction, either "specific" or "general," because "such contacts [are] too remote and sporadic to support jurisdiction which would comport with due process." *Id.* at 8 n. 1. Indeed, the notion that, in this day and age, a single telephone call from Pennsylvania to New Jersey could be considered a purposeful availment of the privilege of conducting activities within New Jersey, rather than an attenuated, random, and fortuitous contact, is, under these facts, without support. *See, e.g., Lebel v. Everglades Marina, Inc.,* 115 N.J. 317, 558 A.2d 1252 (1989); *Wolpert v. North Shore Univ. Hosp.,* 231 N.J.Super. 378, 381, 555 A.2d 729 (App.Div.1989); *Bovino v. Brumbaugh,* 221 N.J.Super. 432, 437–38, 534 A.2d 1032 (App.Div.1987). There was nothing about the "thrust" of the complaint or the telephone call that was overlooked or misapprehended by this Court. Accordingly, the motion for reargument will be denied.

## B. Change of Venue

At the time of Marchlinski and PMC's original motion, Mrs. Chicosky opposed the motion to transfer the action pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Pennsylvania on the basis of judicial efficiency. Now, facing the dismissal of two of the five defendants in the action, she has made a motion to transfer the action to that district on the basis of 28 U.S.C. § 1406(a). In the interest of justice, the motion will be granted and the action transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1404(a) and 1631.

While Mrs. Chicosky has moved to change venue under section 1406(a), it is clear that section 1404(a) is the applicable statute. Venue in New Jersey is not technically improper, because Marchlinski and PMC could have removed the action to only one district under 28 U.S.C. § 1441, the district embracing the place where the action was originally pending. Thus, section 1406 which deals with cases "laying venue in the wrong district," 28 U.S.C. § 1406(a) (emphasis added), is not applicable. *See, e.g., Beagle v. State Farm Ins. Co.,* 1992 WL 172591, *1 (E.D.Pa. July 13, 1992); *Mortensen v. Wheel Horse Prod., Inc.,* 772 F.Supp. 85, 89 n. 3 (N.D.N.Y. 1991); 14A Wright, Miller & Cooper, *Federal*

*Practice & Procedure: Jurisdiction* § 3726 (2d ed. 1985 & Supp.1997). Section 1404(a), however, allows a district court to transfer an action "to any other district court where it might have been brought" if the court finds that such a transfer is in the interest of justice.

■ Additionally, although not noted by either party, 28 U.S.C. § 1631 provides:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a *want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action* . . . *to any other such court in which the action* . . . *could have been brought* at the time it was filed . . ., and the action . . . shall proceed as if it had been filed in . . . the court to which it is transferred on the date upon which it was actually filed in . . . the court from which it is transferred.

28 U.S.C. § 1631 (emphasis added). Thus, the Court clearly has the power under both statutes to transfer the action to the Eastern District of Pennsylvania, if the action could originally have been brought there and if it finds such a transfer to be in the interest of justice: not only is there "want of jurisdiction" in this District under section 1631, but an action may also be transferred under section 1404 to cure a defect in personal jurisdiction.[3]

■ The Court finds that the conditions for transferring this action have been satisfied and the movant's burden has been met. First, the action could have been brought in the Eastern District of Pennsylvania. Defendants, Marchlinski and PMC, asserted, and Mrs. Chicosky does not contradict, that the 2–year statute of limitations, *see* 42 Pa. Stat. Ann. § 5524, expired in the Eastern District of Pennsylvania on April 30, 1997. Since the action was filed in the New Jersey

---

**3.** Defendants were incorrect in asserting that a court may not transfer an action where the court does not have personal jurisdiction over all of the litigants. See Defendants' Memorandum of Law in Support of Motion to Dismiss 9 n. 5 (dated June 4, 1997) ("[i]f Court . . . lacks personal jurisdiction it must dismiss"); Defendant Marchlinski's Memorandum in Opposition to Motion for Reconsideration 9 (dated Sept. 8, 1997).

Not only is it clear that transfer may be effected under section 1404, *see, e.g., Reyno v. Piper Aircraft Co.*, 630 F.2d 149 (3d Cir.1980), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981) *Romann v. Geissenberger Mfg. Corp.*, 865 F.Supp. 255, 263 (E.D.Pa.1994); *see generally* 17 James Wm. Moore, *et al., Moore's Federal Practice* § 111.14[2] (3d ed. 1997) (hereinafter *Moore's Federal Practice)*, lack of personal jurisdiction may also be cured by a transfer of venue pursuant to sections 1406(a) and 1631. *See, e.g.*, 28 U.S.C. § 1631 ("if court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action"); *Goldlawr v. Heiman*, 369 U.S. 463, 466–67, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962) (where plaintiff had accidentally filed suit in wrong district and statute of limitations had run, interest of justice required transfer pursuant to section 1406, rather than dismissal and finding that section 1406(a) exists to "remove whatever obstacles may impede an expeditious and orderly adjudication . . . on [the] merits."); *Renner v. Lanard Toys Ltd.*, 33 F.3d 277 (3d Cir.1994) (if plaintiff on remand could not establish personal jurisdiction, district court should consider whether transfer under sections 1406 or 1631 is appropriate); *Bolar v. Frank*, 938 F.2d 377 (2d Cir.1991); *Ross v. Colorado Outward Bound School, Inc.*, 822 F.2d 1524, 1527 (10th Cir.1987) (section 1631 authorizes transfer to cure defect in personal jurisdiction); *Gehling v. St. George's School of Med., Ltd.*, 773 F.2d 539 (3d Cir.1985) (district court under erroneous impression that it did not have power to transfer action where no personal jurisdiction existed should, if requested, reexamine motion to transfer on remand); *Carty v. Beech Aircraft Corp.*, 679 F.2d 1051, 1065–66 & n. 17 (3d Cir.1982) (noting impact of section 1631 where transferor court did not have personal jurisdiction); *Kishi Int'l. Inc. v. Allstates Textile Machinery, Inc.*, 1997 WL 186324 (E.D.Pa. Apr.11, 1997); *Exton v. Our Farm, Inc.*, 943 F.Supp. 432 (D.N.J.1996) (availability of section 1631 to cure defect in personal jurisdiction); *Telesis Mergers & Acquisitions, Inc. v. Atlis Fed. Svcs., Inc.*, 918 F.Supp. 823, 835 (D.N.J.1996); *United States v. Am. River Transp., Inc.*, 150 F.R.D. 587 (C.D.Ill.1993) (section 1631 available to cure any jurisdictional defect); *Geissenberger Mfg. Corp.*, 865 F.Supp. at 263 (transfer under section 1631 proper); *Coleman v. Duran*, 1994 WL 70010 (E.D.Pa.1994); *Database Am., Inc. v. Bellsouth Advertising & Pub.*, 825 F.Supp. 1195, 1215 (D.N.J.1993); *Jaffe v. Julien*, 754 F.Supp. 49, 53 (E.D.Pa.1991) (authorizing transfer under, *inter alia*, sections 1631 and 1406(a)); *McMahon v. WBTM, Inc.*, 1991 WL 262958 (E.D.Pa.1991) (section 1631 justifies transfer); *but see, e.g., McTyre v. Broward Gen. Med. Ctr.*, 749 F.Supp. 102, 105 (D.N.J.1990) (section 1631 not available); *but see Carteret Sav. Bank, FA v. Shushan*, 919 F.2d 225 n. 11 (3d Cir.1990) (noting split of authority regarding section 1406),

Superior Court on April 29, 1997,[4] the action would seem not to be been time-barred if it had been originally filed in Pennsylvania. Also, since commencing an action in Pennsylvania is as simply done as it is in New Jersey, see N.J. R. Civ. Prac. 1:5–6, 4:5–1; Pa. R. Civ. P. 1007, and since Mrs. Chicosky's attorney is admitted to the bars of both states, the choice of a New Jersey forum does not seem to be related to averting any procedural bar in Pennsylvania.

The parties have vaguely suggested that the action would have been time-barred if brought in Pennsylvania, see Defendant PMC's Memorandum in Opposition to Motion for Reconsideration 5 & n. 5 (dated Sept. 22, 1997). Because this Court cannot conclude that the Plaintiff's action would be time-barred had it been brought in Pennsylvania, the action will be transferred to the Eastern District of Pennsylvania. If the Plaintiff effectively serves process on Defendants, Marchlinski and PMC, in Pennsylvania, a prerequisite to the continuation of this litigation in the Eastern District of Pennsylvania, see, e.g., Buggs v. Ehrnschwender, 968 F.2d 1544 (2d Cir.1992) (noting that, where transferor court did not have personal jurisdiction, better practice upon transfer is to re-serve defendants) (citing Bentz v. Recile, 778 F.2d 1026 (5th Cir.1985)); Wilson v. St. Mary's Hosp., 822 F.Supp. 1450 (D.Minn.1993) (same), that court may, on a larger record conclude otherwise.

If it were clear that the Pennsylvania statute of limitations expired before the action was filed in New Jersey, Defendants, Marchlinski and PMC, would then be correct that transfer would be inappropriate. In such a situation, the action could not have been brought in Pennsylvania and therefore, it would not in the interest of justice to transfer the action to the Eastern District of Pennsylvania. See Kitces v. Wood, 917

F.Supp. 338, 343 (D.N.J.1996); McTyre v. Broward Gen'l Med. Ctr., 749 F.Supp. 102, 104 (D.N.J.1990); Defendant PMC's Memorandum of Law in Opposition to Motion for Reconsideration 5.

Defendants, Marchlinski and PMC, have not presented any other reason why the action could not have been brought in Pennsylvania. As they noted in their original motion to dismiss, inter alia, both Marchlinski and PMC maintain their principal place of business in the Eastern District of Pennsylvania, Marchlinski is a resident and domiciliary of that district, and many of the witnesses and much of the documentary evidence are located in that district. See Defendants' Memorandum of Law in Support of Motion to Dismiss 10.

Second, the Court finds that transfer, rather than dismissal, is in the interest of justice. Defendants, Marchlinski and PMC, are located in Pennsylvania and, as they point out, much of the documentary and other evidence is located there. Additionally, the costs of prosecuting and defending the action upon transfer will not rise significantly for the parties involved if the action is transferred to the Eastern District of Pennsylvania. Thus, the Eastern District will be more convenient for a greater number of parties and witnesses than the District of New Jersey. Most important, it is fair that the action proceed to be decided on the merits where Plaintiff seems to have made a good faith mistake that the action could be maintained in New Jersey, rather than failed to "determine where [she could] get personal jurisdiction [until after] the statute of limitations [had run]." Cote v. Wadel, 796 F.2d 981, 985 (7th Cir.1986); see also Goldlawr, 369 U.S. at 467, 82 S.Ct. at 916 (dismissal, where action could have been brought elsewhere, would

---

4. For the purposes of calculating the date when an action was filed, where the action was removed from state court to this Court, the Court has used the date of the filing in state court, April 29, 1997. Since the Court has the power to transfer an action which was removed from a state court to another federal district court, see, e.g., Bentz v. Recile, 778 F.2d 1026, 1028 (5th Cir.1985); Betz Labs., Inc. v. Trahan, 1993 WL

335040 (E.D.Pa. Aug.30, 1993); Mortensen v. Wheel Horse Prod., Inc., 772 F.Supp. 85, 90 (N.D.N.Y.1991); Wesley v. H & D Wireless Ltd. Partnership, 678 F.Supp. 1540 (D.N.M.1987), Plaintiff should be able to take full advantage of the portion of section 1631 which provides that the original date of filing shall be respected by the transferee court.

have been "time-consuming and justice-defeating") (citation omitted).[5]

Transferring this action to the Eastern District of Pennsylvania pursuant to sections 1631 and 1404 will not result in a jurisdictional "coup" for the Plaintiff, *i.e.*, being able to have her original choice of law *and* her choice of forum, thus dismissing any possibility that the filing in New Jersey was a procedural tactic. *See, e.g., Ferens v. John Deere Co.*, 494 U.S. 516, 110 S.Ct. 1274, 108 L.Ed.2d 443 (1990) (plaintiff attempted to circumvent home state statute of limitations by instituting action in a state which had liberal statute of limitations and favorable choice of law rules, and then transferring the suit back to plaintiff's home state). Plaintiff began the action having chosen New Jersey as a forum and knowing that if the action were removed to federal court, the district court would apply New Jersey's choice of law principles in accordance with *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941). After a transfer to the Eastern District of Pennsylvania pursuant to sections 1404 or 1631, Plaintiff will be litigating in that forum under Pennsylvania's choice of law principles. *See* 28 U.S.C. § 1631 (treat transferred action as having been filed in transferee court); *Reyno v. Piper Aircraft Co.*, 630 F.2d 149 (3d Cir.1980) (so as not to offend due process by applying law of state where defendant could not have been sued, when there has been an interstate transfer without personal jurisdiction, transferee's choice of law rules apply), *rev'd on other grounds*, 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981); *McTyre v. Broward Gen. Med. Ctr.*, 749 F.Supp. 102, 108 (D.N.J. 1990) (same); 17 *Moore's Federal Practice*

§ 111.02[2][c] (noting exception to rule announced in *Van Dusen v. Barrack*, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) and *Ferens); Colorado Outward Bound*, 822 F.2d at 1526–27 (section 1631 transfer requires transferee court to treat action as having been filed in transferee court as of date of original filing and to apply transferee court's choice of law rules); *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983) (same); *Western Smelting & Metals, Inc. v. Slater Steel, Inc.*, 621 F.Supp. 578 (N.D.Ind. 1985) (same).

It may seem odd that it is now in the interest of justice to grant a motion to do what Plaintiff had asked this Court not to do several months ago, when the Defendants originally brought their motion. A closer examination reveals the reason behind this seeming oddity. Defendants, Marchlinski and PMC, originally moved to dismiss for lack of personal jurisdiction or, in the alternative, to transfer the case to the Eastern District of Pennsylvania under section 1404 if the Court found some basis for personal jurisdiction over one or both of the Defendants. The Defendants erroneously asserted, as is pointed out, *see* n. 3, *supra*, that if the Court found no personal jurisdiction, it was required to dismiss the complaint. Plaintiff's original grounds for opposing the transfer—that it would be more efficient for a New Jersey court to apply New Jersey law—was based on an assumption that the transferee court would then be applying New Jersey law. .Relying on *Ferens*, Plaintiff assumed that the action would be transferred for the convenience of the parties and witnesses, but not to cure a jurisdictional defect, which would be governed by the exception to *Ferens* enunciated in *Reyno*. Thus, it is clear

---

**5.** This case is quite unlike *Pedzewick v. Foe*, 963 F.Supp. 48 (D.Mass.1997), cited by Defendant, PMC, where a district court refused to transfer an action under 28 U.S.C. § 1631 or 28 U.S.C. § 1406(a). The *Pedzewick* court, after reviewing the legislative history of section 1631, concluded that the statute did not allow transfers where personal jurisdiction was lacking. This seems to be a question about which there is a substantial split of authority, *see, e.g.,* 17 *Moore's Federal Practice* § 111.51, although the weight of authority among courts in this circuit is that section

1631 does allow transfers where personal jurisdiction is lacking. *See* n. 3, *supra* (citing cases).

The *Pedzewick* court went on to deny the motion to transfer on the alternative ground because the plaintiff had no reasonable or good faith belief that the defendants were subject to personal jurisdiction in the district where the action was first filed. *Pedzewick*, 963 F.Supp. at 52. Plaintiff here, however, made more than a good faith argument that Defendants, Marchlinski and PMC, were subject to jurisdiction in New Jersey.

that Plaintiff never opposed a transfer if the Court found that there was no jurisdiction. While it perhaps would have been more prudent for the Plaintiff to have made a cross-motion to transfer the case if the Court found that there was no jurisdiction, to deny Plaintiff her day in court on an apparently well-pled complaint for this oversight would be unjust.[6]

Therefore, having found, on the record before me, nothing that would have prevented the action from having been commenced in Pennsylvania, and that it is in the interest of justice, the Court will grant Mrs. Chicosky's motion to transfer the action to the Eastern District of Pennsylvania, but effect the transfer pursuant to sections 1404(a) and 1631.

## III. Conclusion

Since Mrs. Chicosky has not pointed to any dispositive fact or controlling principle of law which was overlooked, the motion for reconsideration will be denied. Because the action could have originally been brought in the Eastern District of Pennsylvania and because a transfer is in the interest of justice, the action will be transferred to that district pursuant to section 1404 and 1631. The Court will enter an appropriate order.

---

**6.** Of course, Plaintiff might have failed to make that motion intentionally, in order to avail herself of the opportunity to appeal the dismissal. *See, e.g., Carteret Sav. Bank,* 919 F.2d at 232 (district court exceeded authority when it transferred action over plaintiff's wishes). Since an affirmance of this Court's finding of no personal jurisdiction on appeal would have meant that a subsequent action filed in Pennsylvania would have been time-barred, it is unlikely that Plaintiff opposed the transfer in order to engage in the risky litigation strategy of relying solely on an appeal to continue the action. *See id.* (noting that "court might be justified in compelling the plaintiff to accept a transfer, particularly if a plaintiff's refusal to do so could result in the dismissal of an action that might be barred by the statute of limitations if reinstituted in another district").