**P.  SCHOENFELD  ASSET  MANAGEMENT LLC, on behalf of itself and all others similarly situated, Plaintiff,**

v.

**CENDANT CORP., Walter A. Forbes, E. Kirk Shelton, Cosmo Corigliano, Christopher McLeod And Ernst & Young, LLP, Defendants.**

**George Semerenko, on behalf of himself and all others similarly situated, Plaintiff,**

v.

**Cendant Corp., Walter A. Forbes, E. Kirk Shelton, Cosmo Corigliano, Christopher McLeod And Ernst & Young, LLP, Defendants.**

**Nos.  98–4734(WHW), 98–5384(WHW).**

United States District Court,
D. New Jersey.

Aug. 24, 2001.

Joseph DePalma, Lite DePalma Greenberg & Rivas, LLC, Newark, NJ, for Plaintiff Class.

Michael Rosenbaum, Budd Larner Gross Rosenbaum, Greenberg & Sade, P.C., Short Hills, NJ, for Cendant.

## OPINION

WALLS, District Judge.

Plaintiffs in the above consolidated actions move for reargument of this Court's May 7, 2001 ruling on various defendants' renewed motions to dismiss the complaints.[1] Plaintiffs also seek leave to amend their complaint. The motion for leave to amend the complaint will be addressed by a separate opinion. Pursuant to Fed.R.Civ.P. 78, the motion for reargu-

ment is decided without oral argument and is denied.

### BACKGROUND [2]

On May 7, 2001, this Court granted in part and denied in part defendants' motions to dismiss the above-consolidated complaints.[3] The Court held, among other things, that plaintiffs had failed to plead any facts which raised an inference of scienter sufficient to establish liability against Cendant for post-April 15, 1998 purchasers. *See P. Schoenfeld Asset Management, LLC v. Cendant Corp.,* 142 F.Supp.2d 589 (D.N.J.2001). Specifically, the Court held that plaintiffs' allegations about Cendant's issuance of certain press releases did not sufficiently allege scienter because plaintiffs (a) had not plead facts which raised an inference that they were false and misleading (May 5, 1998 press release), or (b) had failed to plead facts which raised an inference the press releases were made with knowledge or reckless disregard of their false or misleading nature (April 15, April 27 and May 5 press releases). *See id.* at 610–11. Furthermore, plaintiffs' allegations that Cendant's repeated statements of intention to close the ABI deal were false and misleading because Cendant had no intent to do so failed to state facts from which one could infer those statements were false or misleading. *See id.* at 611–12. Finally, this Court found that plaintiffs had failed to plead any motive and opportunity sufficient to raise an inference of scienter. *See id.* at 612–15.

---

1. This Court consolidated the two above cases by its May 22, 2001 order.

2. The factual and procedural background of this matter is set forth more fully in this court's earlier decisions and in the Third Circuit's August 2000 opinion. *See P. Schoenfeld Asset Management LLC v. Cendant Corp.,* 47 F.Supp.2d 546 (D.N.J. April 30, 1999) (*"Schoenfeld I"*); *P. Schoenfeld Asset Management*

*LLC v. Cendant Corp.,* 142 F.Supp.2d 589 (D.N.J.2001) (*"Schoenfeld II"* or the "May 7 opinion"); *Semerenko v. Cendant Corp.,* 223 F.3d 165 (3d Cir.2000) (*"Semerenko"*).

3. Although the Opinion and Order are dated May 5, 2001, they were entered on May 7, 2001.

Plaintiffs move for reargument of the portion of this Court's holding which limited plaintiffs' claims against Cendant to the period ending April 15, 1998. Plaintiffs contend that this Court overlooked the fact that it also found that to the extent liability, if any, could be established for purchasers after April 15, 1998, the July 14, 1998 press release was sufficient to correct any alleged misrepresentations in the April 15 press release, and thus the class could only rely on the April 15, 1998 announcement of accounting irregularities until July 14, 1998. *See* Plaintiff Br., at 2, citing *Schoenfeld*, 142 F.Supp.2d at 592. Because defendants Walter Forbes ("Forbes") and Cosmo Corigliano ("Corigliano") did not renew their motions to dismiss, this Court did not address the allegations of scienter against those defendants. Plaintiffs now argue that because the Court held that the class could rely upon alleged misrepresentations in the April 15 announcement until July 14, 1998, the Class period as to Forbes and Corigliano extends to July 14, 1998. Because the class period extends to July 14, and because of the potential control person liability of Forbes and Corigliano under Section 20(a) for the period ending July 14, plaintiffs urge that the Complaint must be sufficient against Cendant for that period.

Cendant responds that the motion for reargument is defective, because plaintiffs did not raise in their opposition to the renewed motions to dismiss the argument that Forbes and Corigliano's failure to seek dismissal of plaintiffs' control person liability claims against them created liability for Cendant after April 15, 1998. Accordingly, Cendant says that the Court could not have "overlooked" this fact in its decision. Second, Cendant claims that plaintiffs' argument is flawed because it is based upon the presumption that a primary violation of the securities laws may be derivative of an individual defendant's secondary control person liability.

## DISCUSSION

### Standard for Reargument

Under Fed.R.Civ.P. 59(e), a litigant may move to alter or amend a judgment within ten days of its entry. Similarly, Local Civil Rule 7.1(g) allows a party to seek a motion for reargument or reconsideration of "matters or controlling decisions which counsel believes the Judge or Magistrate Judge has overlooked." The Third Circuit holds that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3rd Cir.1985), *cert. denied*, 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986).

Reconsideration motions, however, may not be used to relitigate old matters, nor to raise arguments or present evidence that could have been raised prior to the entry of judgment. Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2810.1. "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *G–69 v. Degnan*, 748 F.Supp. 274, 275 (D.N.J.1990) (quoting *Carteret Savings Bank, F.A. v. Shushan*, 721 F.Supp. 705, 709 (D.N.J.1989), *appeal dismissed*, 919 F.2d 225 (3rd Cir.1990)).

Such motions will only be granted where (1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3rd Cir.1995). Be-

cause reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted "sparingly," *Maldonado v. Lucca*, 636 F.Supp. 621 (D.N.J.1986); Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *supra*, at § 2810.1, and only when "dispositive factual matters or controlling decisions of law" were brought to the court's attention but not considered. *Pelham v. United States*, 661 F.Supp. 1063, 1065 (D.N.J.1987).

*Analysis*

■ Plaintiffs' argument has no merit. First, at no time did this Court determine whether plaintiffs had satisfied the Rule 9(b) and PSLRA standards for pleading scienter and fraud with particularity against Corligliano or Forbes, because those defendants did not renew their motions. Nor did plaintiffs at any time in the briefing of the earlier motions seek adjudication of that issue or argue that the class period as to Cendant extended as far as the class period did as to the individual non-moving defendants. Moreover, plaintiffs never argued that Corigliano's or Forbes' potential control person liability, if any, for the period between April 15, 1998 and July 14, 1998 created direct liability against Cendant. Accordingly, plaintiffs' motion for reargument is nothing more than an attempt to raise a matter which could have been, but was not, raised before. Because this issue is not one that was presented to, but not considered by the Court, the Court cannot consider it now.

■ Even if plaintiffs' argument may be construed as an attempt to correct a "clear error of law," plaintiffs' argument still falls. Plaintiffs erroneously contend that the potential control person liability of Forbes and Corigliano creates direct liability under Section 10(b) and Rule 10b–5 for

Cendant. Plaintiffs have it backwards. Control person liability under Section 20(a) does not create direct liability for the controlled entity. It is the underlying Section 10(b) claim which must be present in order for there to be control person liability under Section 20(a). *See Rochez Brothers, Inc. v. Rhoades*, 527 F.2d 880, 885 (3d Cir.1975) (declining to make corporation "primarily liable for any securit[ies] law violation by any officer or employee of the corporation. We believe that Congress did not intend to expand liability to this degree when it passed the Securities Exchange Act."); *VT Investors v. R & D Funding Corp.*, 733 F.Supp. 823, 841 (D.N.J.1990) (Section 20(a) liability is derivative of Section 10(b) liability). Plaintiffs reference no case to support their contention.

■ Plaintiffs may mean to argue that if scienter had been plead sufficiently against Forbes and/or Corigliano to establish direct and/or control person liability against those individual defendants, then their knowledge should be imputed to the corporation for purposes of scienter and to establish liability. However, this Court need not address whether Forbes' or Corigliano's knowledge may be imputed to Cendant to establish liability here. *Compare Cenco, Inc. v. Seidman & Seidman*, 686 F.2d 449 (7th Cir.1982) (discussing imputation of knowledge of corporate officials to the corporation itself), *with In re: Cendant Corp. Sec. Litig.*, 2001 WL 958739, —— F.Supp.2d ——, —— ——, slip op. at 25–26 & n. 6 (D.N.J.2001) (commenting that *Cenco*'s imputation principles do not apply perfectly to the merger context). Now that plaintiffs raise the issue of the adequacy of the allegations against Forbes and Corigliano, this Court finds that the Complaint contains no allegation that would establish that either Forbes or Corigliano knew or should have known that

any statements in the April 15, 1998 announcement or thereafter were false or misleading. Plaintiffs admit that their claims against Corigliano end upon his termination from Cendant on April 16, 1998. (*See* Am. Compl. ¶ 10.) The only "statement" that plaintiffs may attempt to attribute to Corigliano with regard to post-April 15 liability is the April 15, 1998 announcement itself. This Court already found that (1) an official's knowledge of falsity or recklessness may not be inferred from his position within the company; and (2) the "group published statement" doctrine did not survive post-PSLRA. *See Schoenfeld II*, at 617–21. For the same reasons expressed by this Court in *Schoenfeld II*, plaintiffs may not rely on either of those arguments to support an inference of knowledge on behalf of either Corigliano or Forbes. Furthermore, plaintiffs plead no facts from which one could infer that Corigliano was personally responsible for the April 15, 1998 announcement or from which one could infer that he knew or had reason to know that statement was false or misleading. Similarly, there is no allegation in the Complaint which would allow an inference that Forbes was personally responsible for the April 15, 1998 announcement, so any post-April 15 liability cannot be predicated on that announcement. Similarly, there is no allegation in the complaint to support any inference that Forbes was personally responsible for certain other statements and/or press releases which occurred before the July 14, 1998 announcement, namely: (1) a May 5, 1998 press release which announced Cendant's earnings for the quarter ended March 31, 1998 (Am.Compl.¶ 56); and (2) amendments to the 14D 1 forms filed with the SEC on May 7, 1998, and July 2, 1998, which did not correct any of the alleged misrepresentations by Cendant (Am. Compl.¶¶ 57, 58).

■ The only post-April 15 1998 statement specifically attributed to Forbes is an April 27, 1998 letter to Cendant's shareholders, signed by Forbes and published over the newswires, which reassured that Cendant was strong; its prospects for growth were excellent; Cendant remained committed to the ABI and other acquisitions then pending; and the accounting fraud was limited to the "apparent misdeeds of a small number of individuals within a limited part of our company . . ." (Am, Compl.¶ 55). However, there is no allegation in the Complaint to support an inference that Forbes knew or should have known that this statement was false or misleading when made. Accordingly, even it the imputation theory were considered, there is no post-April 15 knowledge plead in the Complaint against either Corigliano or Forbes to impute to Cendant.

### CONCLUSION

For the foregoing reasons, plaintiffs' motion for reargument is denied.

**SO ORDERED.**

### ORDER

Plaintiffs in the above consolidated actions move for reargument of this Court's May 7, 2001 ruling on various defendants' renewed motions to dismiss the complaints. Upon consideration of the parties' submissions, and for the reasons stated in the accompanying opinion,

It is on this ____ day of August, 2001:

ORDERED that plaintiffs' motion for reargument is DENIED.