

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-27-2007

# Mauro v. NJ Supreme Court

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3932

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Mauro v. NJ Supreme Court" (2007). *2007 Decisions.* Paper 1190.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1190

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**CLD-180**                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3932
_____

JOHN P. MAURO,

Appellant

v.

NEW JERSEY SUPREME COURT, CASE NUMBER 56,900;
DEBORAH T. PORITZ; VIRGINIA LONG; JAYNEE LAVECCHIA;
JAMES R. ZAZZALI; BARRY T. ALBIN; JOHN E. WALLACE, JR.;
ROBERTO A. RIVERA-SOTO, as New Jersey Supreme Court Judges

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-00657)
District Judge:  Honorable Mary L. Cooper
_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
March 29, 2007

BEFORE: RENDELL, SMITH and JORDAN, <u>CIRCUIT JUDGES</u>

(Filed April 27, 2007)


_____


OPINION
_____


PER CURIAM

John Mauro appeals the dismissal of his civil rights complaint by the United States District Court for the District of New Jersey. We will dismiss the appeal pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.

According to Mauro's complaint, New Jersey Supreme Court Justices denied him due process and equal protection in connection with his being arrested and placed under a restraining order for violation of a state spousal abuse law. Mauro alleges that the defendants "have denied me due process by insulating Lisa Zittis' abuse of my freedoms under color of the spousal abuse laws of New Jersey." Mauro applied to proceed with his suit in forma pauperis.

On March 23, 2006, the District Court issued a memorandum opinion concluding that (1) Mauro failed to show he was entitled to in forma pauperis status, (2) the Justices of the New Jersey Supreme Court were immune from suit, and (3) the Rooker-Feldman doctrine prevented the Court from adjudicating Mauro's claims. The Court ordered that the complaint "not be filed" pursuant to 28 U.S.C. § 1915. On May 11, 2006, Mauro filed a motion pursuant to Federal Rule of Civil Procedure 60(b)(4), asking the Court to vacate its previous orders. The District Court construed Mauro's filing as both a motion pursuant to Rule 60(b) and an untimely motion for reconsideration under the local rules, and denied the motion on August 1, 2006. Mauro appealed.

Mauro has filed an application to proceed in forma pauperis on appeal, including an affidavit in support. By Clerk's order, Mauro's in forma pauperis motion was conditionally granted; the definitive determination of Mauro's status is now before us.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We first consider Mauro's motion to proceed in forma pauperis. The decision whether to grant leave to proceed on appeal in forma pauperis depends solely on whether the applicant is economically eligible; we do not consider whether the action or appeal is frivolous. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). A plaintiff need not "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). It is sufficient for the affiant to show that he is "unable to pay the costs of his suit." Walker v. People Express Airlines, Inc., 886 F.2d 598, 601 (3d Cir. 1989). According to Mauro's affidavit, he has averaged a monthly income of approximately $1500 over the year preceding his appeal, and his monthly expenses total approximately $1700. He indicates that he has "barely enough cash on hand to cover basic bills," and that, because his expenses exceed his current monthly income, he has been underpaying his "P.T.I. obligation" to the state.[1] In light of Mauro's limited monthly income and

---

[1]Despite the fact that the opinion concludes that Mauro has made a sufficient showing in this Court to warrant in forma pauperis status, there is no indication that District Court abused its discretion in denying Mauro's in forma pauperis application. Mauro presented different supporting financial information in the District Court. Mauro indicated that he had no income, yet appeared to claim expenses of $3,500 per month.

account of his expenses, we grant his motion for leave to appeal in forma pauperis.

III.

When an appellant proceeds in forma pauperis, this Court determines whether the appeal must be dismissed pursuant to 28 U.S.C. § 1915(e)(2). Mauro's notice of appeal, which cites only the District Court's order denying his Rule 60(b) motion, is timely only with regard to that order. Our review of the District Court's determination under Rule 60(b)(4) is plenary. See Page v. Schweiker, 786 F.2d 150, 152 (3d Cir. 1986). A judgment can be voided only (1) if the rendering court lacked subject matter jurisdiction, or (2) if the court acted in a manner inconsistent with due process of law. See 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2862 (2007). Mauro did not address Rule 60(b)(4)'s requirements in his motion, and there is nothing in the record that would support a conclusion that the District Court lacked subject matter jurisdiction or acted in a manner that was inconsistent with due process.

To the extent that the District Court alternatively considered Mauro's motion as an untimely motion for reconsideration pursuant to the District of New Jersey's Local Civil Rule 7.1(g), such a motion should be granted only where facts or controlling legal authority were presented to but overlooked by the District Court. See Arista Records, Inc. v. Flea World, Inc., 356 F. Supp. 2d 411, 415 (D.N.J. 2005). Such motions may not be used to re-litigate old matters or raise arguments that could have been raised prior to judgment. See P. Schoenfeld Asset Mgmt. L.L.C. v. Cendant Corp., 161 F. Supp. 2d

4

349, 352 (D.N.J. 2001). The District Court concluded that Mauro's suit is barred by the doctrine of judicial immunity. See Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000). The District Court also determined that the Rooker-Feldman doctrine precluded it from entertaining Mauro's challenge to the state courts' judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."). Because we uphold the District Court's ruling on the grounds already noted, we need not address the District Court's alternative bases for dismissal.

Accordingly, the District Court properly denied Mauro's Rule 60(b) motion. His appeal is without legal merit, and we will dismiss it pursuant to § 1915(e)(2)(B).